GLANCY BINKOW & GOLDBERG LLP
Lionel Z. Glancy (#134180)
Mark S. Greenstone (#199606)
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
E-mail: info@glancylaw.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA RENIGER and GREG BATTAGLIA, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>HYUNDAI MOTOR AMERICA, a California corporation, and HYUNDAI MOTOR COMPANY, a foreign corporation,<br><br>Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>(1) Violations of California Consumers Legal Remedies Act (Cal. Civ. Code § 1750, *et seq.*);<br><br>(2) Violations of Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, *et. seq.*)<br><br>(3) Breach of Implied Warranty Pursuant to Song-Beverly Consumer Warranty Act (Cal. Civ. Code §§ 1792 and 1791.1, et *seq.*)<br><br>(4) Violation of the Magnuson-Moss Warranty Act (15 U.S.C. § 2301).<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT

1.     Plaintiffs Julia Reniger and Greg Battaglia ("Plaintiffs") bring this action individually and on behalf of all persons in the United States who purchased or leased any 2010 through 2012 Hyundai Santa Fe vehicle ("Class Vehicles") designed, manufactured, marketed, distributed, sold, warranted and serviced by Hyundai Motor America and Hyundai Motor Company ("Defendants").  Plaintiffs allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

## NATURE OF THE CASE & COMMON ALLEGATIONS OF FACT

2.     This case concerns a serious safety defect in the Class Vehicles which causes unexpected stalling that results in total loss of power, including braking and steering, posing a risk of injury or death to both passengers and pedestrians ("Stalling Defect").  On information and belief, in an egregious breach of their duties under the law, Defendants have been aware of and intentionally failed to disclose the Stalling Defect for years.

3.     The Stalling Defect has been documented to occur under a multitude of driving conditions.  Some owners have reported the Class Vehicles shutting off completely without warning when driving at low speeds, turning or coming to a stop.  Some owners have reported their vehicles shutting down while driving at full speed on city streets and highways.  Stalls have been reported to occur on both uphill and downhill grades, when accelerating and/or decelerating, when at a stop, and even when going in reverse.

4.     Accounts posted on the Internet by Class Vehicle owners over a period of several years vividly illustrate the extreme danger posed by the Stalling Defect.  The following incident reports posed on the National Highway Transportation Safety Authority ("NHTSA") website safercar.gov are typical examples:

Complaint Filed February 4, 2013 (**NHTSA ID Number:** 10496377)

AS I WAS DRIVING VEHICLE LOST ALL POWER ON A HIGHWAY VERY DANGEROUS SITUATION. AGAIN THIS HAS HAPPENED A SECOND TIME NOW WITH 17000 MILES. DEALERSHIP SAID COMPUTER UPDATE THE FIRST TIME NOW THROTTLE BODY I DON'T THINK THERE IS AN ANSWER VERY DANGEROUS. *TR

Complaint Filed October 16, 2013 (**NHTSA ID Number:** 10548164)

DRIVING ON A 2 LANE HIGHWAY ABOUT 40MPH & THE CAR JUST STALLED. LOST POWER STEERING & BRAKES & WAS ALMOST HIT FROM BEHIND. I WAS ABLE TO PULL OVER WITHOUT INCIDENT. SECOND TIME, I WAS TURNING INTO MY DRIVEWAY & VEHICLE STALLED AGAIN. I WAS UNABLE TO COMPLETE TURN BECAUSE OF LOSS OF POWER STEERING & CAME WITHIN INCHES OF HITTING MY MAILBOX. BOTH TIMES I TOOK THE VEHICLE INTO THE HYUNDAI DEALER & WAS TOLD THAT THEY COULD NOT REPLICATE THE PROBLEM & THE CAR WAS DRIVING FINE. I WILL BE FOLLOWING UP WITH HYUNDAI COMPLAINTS DEPARTMENT.

Complaint Filed August 7, 2012 (**NHTSA ID Number:** 10469577)

THE VEHICLE ENGINE STALLED RANDOMLY DURING DRIVING, TOTAL 4 TIMES, ALMOST CAUSING 4 ACCIDENTS. THE DEALER MECHANIC INSPECTED THE VEHICLE BUT COULD NOT FIND THE CAUSES FOR THIS PROBLEM AND THEREFORE WAS UNABLE TO FIX IT, LEAVING THE VEHICLE IN A STATUS WITH TREMENDOUS SAFETY CONCERNS. *TR

Complaint Filed March 23, 2014 (**NHTSA ID Number:** 10574284)

DURING THE PAST 6 MONTHS, OUR VEHICLE HAS STALLED THREE TIMES. THE MOST RECENT INCIDENT OCCURRED WHILE WE WERE EXITING THE FREEWAY. THE VEHICLE JUST STALLED AND WE ALMOST LOST TOTAL CONTROL OF THE CAR ( VERY SCARY). THE FOLLOWING DAY, WE TOOK THE CAR TO THE LOCAL HYUNDAI DEALER AND THEIR SERVICE DEPARTMENT REPLACED THE THROTTLE BODY AND CLEANED ALL THE GROUNDS IN THE ENGINE COMPARTMENT. WE HOPE THIS WAS AN ISOLATED INCIDENT AND THEIR REPAIR SOLVES THE PROBLEM.\

5.     Scores of similar complaints documenting the Stalling Defect have been submitted to NHTSA as well as other websites and owner forums.  On information and belief,

these complaints represent a small fraction of the number of actual incidents experienced by consumers.

6.     Consumers who have complained to Defendants concerning the Stalling Defect have either been told that nothing was wrong with their vehicles, that the problem could not be replicated and therefore could not be addressed, or provided with ineffective "fixes" that failed to solve the problem.  On information and belief, and based upon the investigation of counsel, Defendants at all times relevant to this complaint were aware of the Stalling Defect and even went so far as to place data monitoring devices in certain vehicles to study its manifestations.   Defendants intentionally concealed this information from consumers to protect their own financial interests.

7.     In about the beginning of August 2014, Defendants initiated a voluntary "Service Campaign" which purports to address the Stalling Defect.  However, Defendants' "Service Campaign Notification" is materially false and misleading and proposes a "fix" which, on its face, fails to address many manifestations of the Stalling Defect, and, on information and belief, does not remedy the Stalling Defect.

8.     Defendants' "Service Campaign Notification" is a two page letter that states, in pertinent part: "Hyundai has determined that during a specific set of operating conditions when coming to a stop during braking at low speed, the load placed on the engine by the alternator may momentarily result in a reduction in the engine rpm.  This, combined with an additional, simultaneous load on the engine may cause the vehicle's engine to stall.  The vehicle can be restarted immediately."

9.     Defendants' statement that the Stalling Defect is limited to a narrow "specific set of operating conditions" is false and misleading.   A significant number of publicly

available complaints document the Stalling Defect to occur under a multitude of other driving conditions as well, including, but not limited to: while driving at a constant speed on city streets; while accelerating from a constant speed (*e.g.*, while accelerating onto a highway); while driving full speed on the highway; while turning at various speeds; while driving on an incline or decline; while accelerating from a stop.

10.     Defendants' "Service Campaign Notification" contains a link to a website set up by Defendants to provide information regarding the Campaign which can be found at www.HyundaiUSA.com/Campaign929.   This website explains that the Campaign is not a safety recall and contains materially false and misleading statements that attempt to mask the seriousness and extensiveness of the Stalling Defect.

11.     For example, on the website's "Frequently Asked Questions" page under the heading "Is my car safe to drive?" Defendants state:  "Yes.  The reported stalling incidents occur at very low speed and the vehicle can be restarted immediately.  There have been no injuries or accidents associated with the issue covered by this recall."   Under the heading "Shouldn't you pull all the potentially affected cars off the road?" Defendants repeat this representation, stating in pertinent part:  "No, that is not necessary.  The reported incidents occur at very low speed and the vehicle can be restarted immediately…"

12.     These statements are also false and misleading.  As noted above and described in more detail below, reports documented on NHTSA's website and elsewhere include accounts of vehicles stalling at highway speeds and under various other circumstances.  These reports clearly document the dangerous nature of the Stalling Defect (even for those who have experienced it at low speeds) and the many "near misses" the defect has caused.  Defendants'

false statements and half-truths obscure the issue and further conceal the true nature of the Stalling Defect.

13.     Various consumer complaints also suggest that Defendants' proposed "fix" – reprogramming of the Engine Control Module ("ECM") – is an ineffective remedy which has failed to solve the problem in the past.  *See, e.g.*, NHTSA Complaints Nos. 10549692, 1056649, 10578264, 10597317, *infra* (documenting failure of ECM upgrades to cure Stalling Defect).  The fact that Defendants' "fix" targets only one of numerous conditions under which the defect manifests also suggests it is ineffective to remedy the problem.  Further, Defendants do not offer to reimburse vehicle owners for the cost of needless and ineffective repairs done at the suggestion of Defendants' authorized dealers, for loss in value experienced as a result of the defect, or for loss of use and enjoyment.  Defendants do make clear that owners are responsible for transporting their vehicles to dealerships for servicing and that roadside assistance will not be provided.

14.     Under the Transportation Recall Enhancement, Accountability and Documentation Act ("TREAD Act") and its accompanying regulations, when a manufacturer learns that a vehicle contains a safety defect it must promptly and accurately notify the vehicle owners as well as the Secretary of Transportation.  49 U.S.C. § 30118(c).  Defendants violated and continue to violate the TREAD Act by failing to disclose the true nature and extent of the Stalling Defect, and by failing to offer an adequate remedy for all manifestations of the defect.  Defendants' violations of the TREAD Act also constitute violations of California's Unfair Competition Law (California Business & Professions Code § 17200, *et seq.*) and California's Consumers Legal Remedies Act (California Civil Code § 1750, *et seq.*).

**PARTIES**

15.     PLAINTIFF JULIA RENIGER is a California citizen who resides in Granada Hills, California.  In or around March 2012, Ms. Reniger purchased a new 2012 Hyundai Santa Fe Limited from Keyes Hyundai in Van Nuys, California.  Plaintiff's vehicle was manufactured, sold, distributed, advertised, marketed and warranted by Defendants.

16.     PLAINTIFF GREG BATTAGLIA is a California citizen who resides in Sonoma, California.  In or around July 2011, Mr. Battaglia purchased a 2011 Hyundai Santa Fe from Petaluma Hyundai in Petaluma, California.  Plaintiff's vehicle was manufactured, sold, distributed, advertised, marketed and warranted by Defendants.

17.     DEFENDANT HYUNDAI MOTOR AMERICA is a California corporation with its principal place of business in Fountain Valley, California.

18.     DEFENDANT HYUNDAI MOTOR COMPANY is a South Korean corporation with its principal place of business in Seoul, South Korea.

19.     In conjunction with marketing and distributing the Class Vehicles, Defendants have personally availed themselves of the laws of the state of California, and established such contacts, as to be subject to personal jurisdiction for the claims set forth herein.

**PLAINTIFFS' FACTS**

20.     Plaintiff Julia Reniger acquired her vehicle primarily for personal, family, or household use.  Prior to purchase, Plaintiff researched and test drove her vehicle.

21.     Subsequent to purchase, Plaintiff's vehicle stalled on multiple occasions under a multitude of driving conditions.  For example, Plaintiff's vehicle stalled while driving with the flow of traffic on a major city street, while driving over a speed bump in a parking lot, and while slowing to make a right turn.  The first stall occurred within a few months of purchase.

Each time Plaintiff's vehicle stalled it experienced an accompanying loss of power to the steering and brakes.

22.     In about the beginning of March 2014, Plaintiff's vehicle stalled twice in one day.  Plaintiff brought her vehicle to Mission Hills Hyundai three times during March 2014 to have the Stalling Defect repaired and multiple "fixes" were attempted including, among other things, cleaning the throttle body and changing the battery.  Each time, however, shortly after Plaintiff picked up her vehicle, it stalled again.   Because the Hyundai dealer was unable to remedy the Stalling Defect after repeated attempts, and the defect was a serious safety issue which impacted Plaintiff's use and enjoyment of her vehicle, Plaintiff subsequently traded in her vehicle.

23.     Had Plaintiff known of the Stalling Defect, Plaintiff would never have purchased the subject vehicle. Plaintiff purchased her vehicle with the intent to own it for a period of five or more years.  By trading her vehicle in prematurely, Plaintiff was forced to absorb the significant depreciation experienced by motor vehicles during the first two years of ownership, without receiving the benefit of subsequent years of ownership as Plaintiff had planned and intended at the time of purchase.

24.     At all times Plaintiff drove her vehicle in a reasonably foreseeable manner and in the manner it was intended to be used.

25.     Plaintiff Greg Battaglia acquired his vehicle primarily for personal, family, or household use.  Prior to purchase, Plaintiff researched and test drove his vehicle.

26.     Subsequent to purchase, Plaintiff's vehicle stalled randomly on at least two occasions.

27.     In or about October 2013, Plaintiff was driving at night in a mountainous area in Willow Creek, California.   While making a sharp turn, Plaintiff's vehicle shut off completely without warning losing both power steering and braking.  Plaintiff slammed down on the brake pedal "as hard as he could" using extreme force to stop the vehicle at the edge of a steep cliff.

28.     More recently in July 2014, Plaintiff's vehicle shut off again while turning into a convenience store driveway.

29.     Plaintiff narrowly averted a serious accident caused by the Stalling Defect. Had Plaintiff known of the Stalling Defect, Plaintiff would never have purchased the subject vehicle.

30.     At all times Plaintiff has driven his vehicle in a reasonably foreseeable manner and in the manner it was intended to be used.

## JURISDICTION & VENUE

31.     This is a class action.

32.     At least some members of the proposed class are citizens of states different from the home state of the Defendants.

33.     On information and belief, the aggregate claims of individual class members exceed $5,000,000.00 in value, exclusive of interest and costs.

34.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332(d).

35.     A substantial part of the events or omissions giving rise to Plaintiffs' claims took place in this district.  Venue is therefore proper pursuant to 28 U.S.C. § 1391(b)(2).

**THE STALLING DEFECT POSES AN UNREASONABLE SAFETY RISK OF WHICH DEFENDANTS HAD EXCLUSIVE PRESALE KNOWLEDGE THAT THEY ACTIVELY CONCEALED**

36.     The Stalling Defect poses an obvious and serious safety risk.

37.     On information and belief, thousands of purchasers and lessees of the Class Vehicles have experienced problems with their vehicles stalling unexpectedly.  Complaints filed by consumers with NHTSA, as well as other publicly available complaints posted online, demonstrate that the defect is widespread and dangerous, and manifests without warning.

38.     The following are some of the complaints relating to the Stalling Defect posted on NHTSA's website (spelling and grammatical errors remain as found in the original):

Complaint Filed July 25, 2010 (**NHTSA ID Number:** 10345212)

ON TUESDAY, JUNE 8, 2010 I WAS ON A BUSY INTERSTATE HIGHWAY WITH FAST MOVING TRAFFIC AND MY CAR LOST ALL POWER WHILE TRAVELING AT 70 MPH. FORTUNATELY, I WAS ABLE TO BARELY GLIDE THE SANTE FE TO THE SHOULDER AND STOP WITHOUT INCIDENT. FOLLOW UP: 3 PM VISITED HYUNDAI SERVICE CENTER AND WAS TOLD THAT IT WAS NOT A THROTTLE PROBLEM. THEY ARE IN CONTACT WITH CA SERVICE TO DETERMINE CAUSE OF PROBLEM. FRIDAY, 6-11-10 AFTER COMPLETE TESTING OF ALL CIRCUITS, HYUNDAI DECLARES NO SOURCE OF PROBLEM. AUTO WAS PICKED UP AT 4:30 PM HYUNDAI ASSISTANT SERVICE MANAGER: BOB WOOD HYUNDAI CASE # 3982284 THE SPECIFICS ARE: ? SUV WAS PURCHASED 8/09 AND CURRENTLY HAS 5200 MILES. ? CRUISE CONTROL WAS ON BUT NOT ENGAGED. ? GAS TANK INDICATOR ON ONE-HALF. ? WITH MY FOOT ON GAS PEDAL THE INITIAL INSTINCT WAS THAT THE ENGINE HAD LOST ALL POWER. O PRESSING HARDER ON GAS PEDAL HAD NO REACTION. O THERE WAS AN OPENING IN TRAFFIC AND WITH THE SUV FORWARD INERTIA I WAS ABLE TO JUST REACH THE ROAD SHOULDER. O OBSERVED THAT RED INDICATORS WERE ON (BATTERY, OIL) ? RESET TRANSMISSION SELECTOR TO PARK, TURNED OFF KEY. O FIRST RESTART-NOTHING HAPPENED O SECOND RESTART SUV STARTED AND I DID NOT TURN OFF UNTIL REACHING HOME. OBVIOUSLY, THIS IS A SERIOUS LIFE THREATENING SITUATION THAT NEEDS TO BE RESEARCHED THOROUGHLY AND CORRECTED. *TR

Complaint Filed June 5, 2012 (**NHTSA ID Number:** 10460671)

TL* THE CONTACT OWNS A 2011 HYUNDAI SANTA FE. THE CONTACT STATED THAT THE VEHICLE STALLED WHILE DRIVING 15 MPH. THE CONTACT WAS ABLE TO SUCCESSFULLY RESTART THE VEHICLE AND CONTINUE DRIVING. THE VEHICLE WAS NOT TAKEN

TO HAVE THE FAILURE DIAGNOSED OR REPAIRED. THE MANUFACTURER WAS NOT MADE AWARE OF THE FAILURE. THE FAILURE MILEAGE WAS 15,500. THE VIN WAS UNAVAILABLE.

Complaint Filed July 18, 2012 (**NHTSA ID Number:** 10466481)

I HAVE HAD THE SAME PROBLEM WITH MY 2011 HYUNDAI SANTA FE REPORTED IN OTHER ODI COMPLAINTS. SPECIFICALLY, MY VEHICLE STALLS RANDOMLY WHILE TRAVELING AT LOW SPEEDS. ODI ID #10460671, #10453272, AND #10412636, ALL SEEM TO REPORT THE SAME PROBLEM I HAVE. OCCASIONALLY, WHILE BRAKING OR ALLOWING THE CAR TO STOP, IT WILL STALL OUT. WHEN IT DOES, ACCELERATING, POWER STEERING, AND POWER BRAKING ARE ALL DISABLED. ONCE THE CAR GEAR IS SHIFTED TO PARK AND THE IGNITION IS TURNED OFF, THE PROBLEM RESOLVES AFTER RE-STARTING THE CAR LATER. THE DEALERSHIP SERVICE DEPARTMENT HAD WORKED ON THIS CAR FOR THE SAME PROBLEM FOUR TIMES WITHOUT BEING ABLE TO 1. DIAGNOSE THE PROBLEM AND 2. COME UP WITH AN ADEQUATE REMEDY. EVEN THOUGH THE TECHNICIANS HAVE NOT BEEN ABLE TO REPRODUCE THE STALLING, THE FIRST THREE TIMES IT WAS IN THE SHOP, THREE DIFFERENT REPAIRS WERE MADE. THEY HAVE ALL INVOLVED COMPUTER FIXES, INCLUDING CHANGING OUT THE CONTACTS, REPLACING THE JUNCTION BOX, AND UPDATING SOFTWARE. HYUNDAI IS AWARE OF MY ISSUE AND THE PENDING LEMON LAW ARBITRATION CLAIM THAT I HAVE MADE. HYUNDAI HAS CURRENTLY MADE THE UNILATERAL DETERMINATION THAT THIS VEHICLE DOES NOT QUALIFY AS A LEMON, WHICH I DISPUTE BECAUSE 1. THIS DETERMINATION IS NOT CAPABLE OF BEING MADE UNILATERALLY, AND 2. THIS IS A SERIOUS SAFETY DEFECT AND MORE THAN A "REASONABLE" AMOUNT OF REPAIR ATTEMPTS HAVE BEEN UNSUCCESSFUL. A MANAGING ENGINEER HAS EXAMINED THE VEHICLE WITHOUT FINDING ANY PROBLEMS, AND I'M CURRENTLY WORKING WITH HYUNDAI TO HAVE A "FLIGHT RECORDER" INSTALLED TO RECORD DATA WHEN THE CAR STALLS NEXT. THE MOST RECENT OCCURRENCE WAS WHILE I WAS DRIVING IN HEAVY TRAFFIC WITHOUT A SHOULDER ON THE FREEWAY--A LIFE-THREATENING SITUATION. I CONSIDER THIS CAR TO BE AN UNRELIABLE SAFETY THREAT ON THE ROADWAYS AND HAVE COMMUNICATED THIS TO HYUNDAI, BUT ITS REPRESENTATIVE DO NOT HAVE THE SAME SENSE OF URGENCY I HAVE. *TR

Complaint Filed August 13, 2012 (**NHTSA ID Number:** 10470435)

THE ENGINE STALLED THE 4TH TIME. DEALERSHIP COULD NOT REACH A DIAGNOSIS AND UNABLE TO FIX IT.. *TR

Complaint Filed August 19, 2012 (**NHTSA ID Number:** 10471442)

THE ENGINE SHUT DOWN TWICE WHILE DRIVING IT. FIRST SHUT DOWN ON 5/8/2012: AFTER BEGINNING TO ACCELERATE FOR A LEFT TURN AFTER BEING IDLE AT A LEFT TURN RED LIGHT THE CAR'S ENGINE LOST POWER BEFORE THE TURN WAS COMPLETED. POWER STEERING WENT OUT. GOT HONKED AT AS CARS BEHIND NOTICED SOMETHING WRONG. COASTED TO THE SIDE OF THE ROAD AFTER COMPLETING THE TURN AND HAD TO TURN THE IGNITION IN THE OFF POSITION TO TURN THE ENGINE BACK ON. SECOND SHUT DOWN ON 8/3/2012: WHILE TURNING LEFT IN A SHOPPING CENTER PARKING LOT THE CAR'S ENGINE LOST POWER. POWER STEERING WENT OUT. AFTER COMING TO A STOP HAD TO TURN THE IGNITION IN THE OFF POSITION TO TURN THE ENGINE BACK ON. *TR

Complaint Filed August 27, 2012 (**NHTSA ID Number:** 10472708)

THE ENGINE STALLED THE 5TH TIME DURING DRIVING! ALMOST CAUSED ANOTHER ACCIDENT! *TR

Complaint Filed September 17, 2012 (**NHTSA ID Number:** 10475736)

THIS IS THE 6TH ENGINE STALLING DURING DRIVING. THE ENGINE LIGHT, ENGINE OIL PRESSURE AND CHARGING SYSTEM LIGHTS WERE ON. THE DEALER COULD NOT DIAGNOSE OR FIX IT. *TR

Complaint Filed October 27, 2012 (**NHTSA ID Number:** 10482418)

WITHOUT ANY WARNING, THE ENGINE SHUT OFF WITH THE GEAR IN D - DRIVING ON A FLAT ROAD NORMALLY. THIS ALSO HAPPENED AROUND 3500 MILES AROUND JULY 20, 2012. *TR

Complaint Filed October 9, 2012 (**NHTSA ID Number:** 10479449)

TL* THE CONTACT OWNS A 2011 HYUNDAI SANTA FE. THE CONTACT STATED THAT WHILE SITTING AT A STOP LIGHT, THE VEHICLE STALLED WITHOUT WARNING. THE VEHICLE WAS TAKEN TO THE DEALER FOR INSPECTION WHERE THEY WERE UNABLE TO DETERMINE THE CAUSE OF THE FAILURE. THE VEHICLE WAS NOT REPAIRED. THE MANUFACTURER WAS NOT NOTIFIED. THE FAILURE MILEAGE WAS 1,500

1

2

Complaint Filed November 1, 2012 (**NHTSA ID Number:** 10482822)

3

4

5

6

7

8

9

10

11

VEHICLE STALLED AS TURNING INTO DRIVEWAY OF SHOPPING COMPLEX. THE STEERING WHEEL FROZE AS I WAS TRYING TO TURN LEFT. IN THE DASHBOARD, NO LIGHTS ON EXCEPT "MALFUNCTION INDICATOR" LIGHT WAS LIT. RESTARTED CAR AND DROVE ON, THE "MALFUNCTION LIGHT" GOT TURNED OFF, CAME HOME AND THEN CALLED DEALER. DROVE TO DEALER BUT THEY COULD NOT DIAGNOSE THE ISSUE SINCE THE LIGHT WAS NOT ON AND SO NO CODE CAN BE FOUND. CAR IS LESS THAN 3 MONTHS OLD AND NOT EVEN 3000 MILES ON THE CAR. I FEEL THIS CAR IS NOT SAFE UNLESS HYUNDAI TAKES CARE OF THE PROBLEM. NOT DIAGNOSING AND ADDRESSING THE ISSUE MAKES ME CONCERNED. IF CAR STALLS WHILE DRIVING THEN THAT IS VERY DANGEROUS AS IT CAN CAUSE AN ACCIDENT SUCH AS CAR HITTING FROM BEHIND. I AM VERY MUCH CONCERN WITH SUCH A PROBLEM FOR CAR AS NEW AS MINE. *TR

12

13

Complaint Filed November 5, 2012 (**NHTSA ID Number:** 10483428)

14

15

16

WHILE TURNING INTO A PARKING LOT, ENGINE DIED WITHOUT WARNING. THIS IS THE THIRD TIME THE ENGINE HAS DIED WITHOUT WARNING WHILE DRIVING AT LOW SPEEDS. WHEN THE ENGINE DIES, THE CAR LOSES STEERING AND BRAKES AND IS VERY UNSAFE. *TR

17

Complaint Filed November 21, 2012 (**NHTSA ID Number:** 10485450)

18

19

20

21

22

WITHOUT ANY WARNING, THE ENGINE SHUT OFF WHILE DRIVING NORMALLY. THIS IS THE THIRD TIME SINCE THE PURCHASE, AND PLEASE ADVISE ANY WAY TO TAKE ACTION ON THIS DANGEROUS ISSUE. I JUST KNOW THAT THE DEALER WILL JUST SAY THAT THEY WILL LOOK INTO IT, AND THEY WILL NOT BE ABLE TO FIX THIS. DO I HAVE TO GO THROUGH ALL THE VISITS TO THE DEALER AND BUILD A CASE FOR A LEMON? WHERE CAN I GET HELP? *TR

23

Complaint Filed January 14, 2013 (**NHTSA ID Number:** 10492412)

24

25

26

27

28

JUST GOT OUT OF A SHOPPING CENTER AND ONTO MIRA MESA BLVD, SAN DIEGO. CAR STALLED! I WAS GOING @ 30 MILES/HOUR OR SO. TOTAL MILES ON THE CAR WHEN THIS HAPPENED WERE 5177 MILES. WHEN IT STALLS, IT BEHAVES AS IF KEY IS MOVED TO ON POSITION BUT CAR HAS NOT BEEN STARTED. THIS IS THE 4TH TIME CAR HAS STALLED SINCE I BOUGHT NEW IN AUGUST (YES, IN 5 MONTHS AND WITHIN @ 5,000 MILES). PRIOR TWO TIMES WERE

JUST A BEFORE CHRISTMAS ON 12/23/2012 (ON THE SAME DAY, @ 1 MINUTE APART). AT THIS TIME I WAS GOING SLOW SPEED @ 25 MILES/HOUR ON A WINDY DOWN HILL ROAD. FORTUNATELY, THERE WERE NO FAST MOVING CARS BEHIND ME IN ALL 4 CASES. I AM AFRAID THAT SOMEONE MAY HIT ME FROM BEHIND WHEN CAR STALLS LIKE THIS. CAR HAS BEEN TO DEALER TWICE FOR THE SAME ISSUE. THEY SEEMS TO HAVE NO CLUE. LAST TIME I WENT, JUST AFTER CHRISTMAS, THAT CHANGED THROTTLE BODY. I WAS HOPPING THAT IT WILL FIX THE ISSUE BUT I AM NOT THAT LUCKY AS IT CAME BACK IN JUST 3 WEEKS! I HAVE OPENED A CASE WITH HYUNDAI ALREADY RIGHT AFTER THE FIRST INCIDENT, WILL HAVE TO FOLLOW UP WITH THEM AGAIN. *TR

Complaint Filed January 20, 2013 (**NHTSA ID Number:** 10493564)

AT 2 TIMES IN THE LAST FEW MONTHS THE CAR ENGINE HAS SUDDENLY STOPPED WHILE DRIVING SLOWLY ON LEVEL GROUND. LOST POWER STEERING AND POWER BRAKES. CAR RESTARTED IMMEDIATELY. SO FAR DEALERSHIP UNABLE TO REPRODUCE OR HELP WITH PROBLEM. *TR

Complaint Filed January 21, 2013 (**NHTSA ID Number:** 10493630)

THIS IS THE FOURTH TIME SINCE THE PURCHASE IN APRIL, 2012. THE ENGINE JUST SHUTS OFF WHILE DRIVING NORMALLY AT A LOW SPEED. THE DEALER SHOP OBVIOUSLY COULD NOT FIND ANY ISSUES. I CANNOT UNDERSTAND WHY THIS TYPE OF HIGHLY DANGEROUS PROBLEM IS NOT BEING ADDRESSED BY NHTSA URGENTLY. I SEE THAT THERE ARE OTHER COMPLAINTS OF THIS NATURE REPORTED. I CANNOT BELIEVE THAT I HAVE TO RISK OUR FAMILY LIVES TO PROVE THAT THERE IS A SERIOUS FAULT WITH THIS VEHICLE! *TR

Complaint Filed February 26, 2013 (**NHTSA ID Number:** 10500116)

FROM STOP,MAKING LEFT TURN, LOST ALL POWER MOMENTARILY, RPM DROPPED TO IDLE. PRESSING ACCELERATOR DID NOTHING, FINALLY ENGINE CAME BACK AND ACCELERATED WILDLY. VERY DANGEROUS. *TR

Complaint Filed April 6, 2013 (**NHTSA ID Number:** 10507355)

WAS NEGOTIATING A LEFT SIDED CURVE ON THE DOWNHILL SIDE OF A STEEP, WINDY ROAD IN A REMOTE AREA BETWEEN OAKLAND

AND MORAGA, CA WHEN I SUDDENLY LOST STEERING POWER. I WENT TO HIT THE BRAKES AND FOUND THAT MY BRAKES ALSO HAD NO POWER. I PUSHED VERY HARD ON THE BRAKES AND MANAGED TO GET THE VEHICLE TO STOP. HAD I BEEN UNABLE TO STOP, MY CAR WOULD'VE GONE DIRECTLY OVER A VERY STEEP HILLSIDE THAT BORDERS A RESERVOIR. AS IT WAS, THE REAR END OF MY CAR WAS JUTTED OUT HALFWAY ONTO THE ROADWAY AND ONLY A FEW YARDS FROM A BLIND CURVE. THIS PARTICULAR SPOT ALSO HAS NO CELL PHONE COVERAGE. AFTER PUTTING THE CAR IN PARK, I NOTED THAT MY IGNITION WAS STILL IN THE "ON" POSITION AND THAT ALL THE APPROPRIATE DASH LIGHTS WERE ON, BUT THE ENGINE SOUND WAS ABSENT AND THE TACH READ ZERO. I DID NOT NOTICE ANY ERROR MESSAGES ON MY DASH. I TURNED THE CAR OFF, THEN TURNED THE IGNITION BACK ON. THE CAR STARTED RIGHT UP WITH NO HESITATION. I HEARD NO UNUSUAL ENGINE NOISES OR EXPERIENCED ANY DIFFICULTIES WITH DRIVING THE VEHICLE. I DROVE TO THE CLOSEST SERVICE STATION APPROX. 3-4 MILES FROM THE INCIDENT LOCATION. THE MECHANIC DID A QUICK CHECK UNDER THE HOOD, FOUND NOTHING UNUSUAL AND SUGGESTED I GO DIRECTLY TO THE HYUNDAI DEALERSHIP. I TOOK MY CAR TO FUTURE HYUNDAI IN CONCORD, CA. THEY RAN DIAGNOSTICS THE NEXT DAY, THEN REPORTED THAT THEY "COULD FIND NOTHING WRONG WITH THE CAR." I EXPRESSED MY FEAR OF DRIVING THE VEHICLE BASED ON VERY RATIONAL SAFETY CONCERNS AND WHAT I FELT HAD BEEN A CLOSE CALL ON MY LIFE THE DAY PRIOR. I ALSO TOLD THE SERVICE PERSON THAT A QUICK LOOK ONLINE LEAD ME TO FIND SEVERAL STORIES SIMILAR TO MINE. I WAS TOLD I WOULD NEED TO TALK WITH THE SERVICE MANAGER THE NEXT DAY AS HE WAS NOT AVAILABLE. I THEN CALLED HYUNDAI CUSTOMER SERVICE AND REPORTED THE ENTIRE HISTORY OF THIS ISSUE. I HAVE BEEN ASSIGNED CASE # [XXX]. INFORMATION REDACTED PURSUANT TO THE FREEDOM OF INFORMATION ACT (FOIA), 5 U.S.C. 552(B)(6). *TR

Complaint Filed April 14, 2013 (**NHTSA ID Number:** 10508158)

2011 HYUNDAI SANTA FE V6 LIMITED TRAVELING AT A SPEED OF APPROXIMATELY 15 MPH, IN THE PROCESS OF MAKING A LEFT HAND TURN THE ENGINE EXPERIENCED A STALL CONDITION. IMMEDIATELY LOST THE ABILITY TO SAFELY CONTROL THE VEHICLE, COMPLETE LOSS OF THE BRAKING SYSTEM AND POWER STEERING. ENGINE LIGHT WAS ILLUMINATED. ONCE THE VEHICLE HAD COASTED TO A STOP, SHIFTED THE VEHICLE FROM THE DRIVE POSITION TO THE PARK POSITION. TURNED THE IGNITION TO THE OFF POSITION. IMMEDIATELY TURNED THE IGNITION TO THE START POSITION AND ENGINE RESTARTED. ENGINE LIGHT

INDICATOR IN DASH PANEL WAS NO LONGER ILLUMINATED. TOOK VEHICLE TO DEALERSHIP TO HAVE THEM LOCATE THE ROOT CAUSE. DEALERSHIP WAS UNABLE TO DETERMINE THE ROOT CAUSE. FILED AN INCIDENT REPORT WITH HYUNDAI USA. *TR

Complaint Filed May 2, 2013 (**NHTSA ID Number:** 10510408)

TL* THE CONTACT OWNS A 2012 HYUNDAI SANTA FE. THE CONTACT STATED THAT THE VEHICLE STALLED WITHOUT WARNING WHILE SITTING AT A TRAFFIC STOP. THE FAILURE WAS EXPERIENCED SEVERAL TIMES. THE VEHICLE WAS TAKEN TO THE DEALER TO HAVE A DIAGNOSTIC PERFORMED BUT THE DEALER WAS UNABLE TO GENERATE A FAILURE CODE. THE DEALER ALSO TEST DROVE THE VEHICLE BUT WAS UNABLE TO DUPLICATE THE FAILURE. THE DEALER RESET THE ELECTRONIC CONTROL MODULE AS A PRECAUTION. THE FAILURE WAS NOT CORRECTED HOWEVER, AND THE VEHICLE CONTINUED TO STALL WHEN STOPPED. THE FAILURE MILEAGE WAS 2,766 AND THE APPROXIMATE FAILURE MILEAGE WAS 3,000.

Complaint Filed May 3, 2013 (**NHTSA ID Number:** 10510497)

2012 HYUNDAI SANTA FE HAD COMPLETE POWER LOSS ON INTERSTATE WHILE MOVING AT 65MPH IN THE LEFT MOST LANE. ENGINE SHUTTERED, CHECK ENGINE LIGHT CAME ON AND ENGINE POWER WENT TO IDLE RPM. THERE WAS NO THROTTLE RESPONCE AND STEERING BECAME HEAVY. MANAGED TO CROSS TWO LANES AND GET THE VEHICLE TO THE SHOULDER. SHUT VEHICLE OFF AND RESTARTED IT. CHECK ENGINE LIGHT STAYED ON AND ENGINE APPEARED TO FUNCTION NORMALLY. ACCELERATED FROM SHOULDER INTO TRAFFIC. DROVE FOR 1/4 MILE AND INCIDENT AGAIN REPEATED ITSELF AS DESCRIBED ABOVE. FEARING FOR MY SAFETY, I PARKED THE VEHICLE AND HAD IT TOWED TO DEALER WHOM I PURCHASED VEHICLE FROM. I CALLED (ON 5-2-13) THE DEALER AND TOLD THEM WHAT WAS HAPPENING. THE NEXT MORNING (5-3-12) I CALLED THEM AT 9AM TO FIND STATUS OF REPAIR. THEY STATED IT WAS ALREADY REPAIRED. THEY STATED IT IS RELATED TO THE TROTTLE POSITION SENSOR. THEY STATED THEY WERE WELL AWARE OF THE PROBLEM. THEY STATED THEY WERE HAVING MANY OF THE SAME ISSUES WITH THIS TYPE OF VEHILCE. THEY STATED THERE WAS A TSB ON THE PROBLEM. DOES SOMEONE HAVE TO BE INJURED OR KILLED BEFORE A MANUFACTURE HAS THE OBLIGATION TO CORRECT A KNOWN PROBLEM THAT REPEATS ITSELF? LOOK AT ALL THE OTHER REPORTS AND COMPLAINTS! I HAVE A WIFE AND 2 CHILDREN THAT RIDE IN THIS VEHICLE. WHAT NOW? *TR

Complaint Filed May 13, 2013 (**NHTSA ID Number:** 10511729)

SINCE I RECEIVED MY SUV IN 2011 I'VE EXPERIENCED 3 VEHICULAR CUT-OFFS WHILE DRIVING. THE CUT-OFF ALWAYS OCCURS DURING A SLOW MOVING TURN, WHETHER GOING LEFT OR RIGHT. I WOULD START TURNING OR SWITCHING LANES IN ONE CASE AND THE CAR WILL STALL. ALL PANEL LIGHTS WOULD COME ON, THE STEERING WOULD SHUT-DOWN SO I CANT CONTROL THE VEHICLE AND THE BRAKES SHUT-DOWN AS WELL. I HAVE TO COAST TO A STOP AND PLACE IN PARK. THIS IS A VERY VULNERABLE SITUATION WHERE I'VE BEEN AT THE MERCY OF ONCOMING TRAFFIC. THANK GOODNESS THAT MY 2 YEAR OLD DAUGHTER WASN'T IN THE VEHICLE ANY OF THE TIMES. THE SUV ALWAYS STARTS BACK UP AFTER SITTING FOR ABOUT A MINUTE. THIS PROBLEM IS SO RANDOM AND THERE ARE NO WARNING SIGNS, IT'S JUST HAPPENS. IT WAS SUGGESTED THAT PERHAPS THEIR COULD HAVE BEEN AIR IN THE GAS LINE, I DON'T BELIEVE THIS TO BE TRUE. THE FIRST TIME IT HAPPENED I HAD LESS THEN A QUARTER TANK OF GAS, THE SECOND ABOUT A HALF TANK AND THE LAST A FULL TANK. CURRENTLY MY CAR IS BACK AT THE DEALERSHIP WHERE THEY'RE HOPING THAT THEY CAN ONCE AGAIN DUPLICATE THE PROBLEM. THEY'VE HAD IT FOR 6 DAYS SO FAR. *TR

Complaint Filed May 20, 2013 (**NHTSA ID Number:** 10512810)

THIS HAS OCCURRED TWICE (5900 MILES AND 7000 MILES). AT A RED LIGHT, THE ENGINE WILL SHUT OFF WITH NO SYMPTOMS. IT IS ONLY WHEN THE LIGHT TURNS GREEN AND THE GAS PEDAL IS PRESSED DO YOU NOTICE THE ENGINE HAS STOPPED. I SEE AS A DANGEROUS SITUATION. DEALER SAYS WITH NO CHECK ENGINE " ON" THERE IS NO WAY TO FIND THE PROBLEM. *TR

Complaint Filed May 23, 2013 (**NHTSA ID Number:** 10513363)

TOOK MY CAR IN TO HYUNDAI DEALERSHIP IN CONCORD, CA ON APPROX. MARCH 17TH OF THIS YEAR FOR PREVIOUS COMPLAINTS OF ENGINE SUDDENLY SHUTTING OFF WHILE DRIVING. WAS TOLD AT THAT TIME THAT NO ERROR CODES WERE RECORDED BY THE CAR'S COMPUTER AND THAT HYUNDAI MECHANICS COULD NOT FIND ANY MECHANICAL ISSUES WITH THE VEHICLE. THEY THEN TALKED TO HYUNDAI ENGINEERS AND DECIDED THAT POSSIBLY THE CARS THROTTLE BODIES COULD BE A PROBLEM AND TOLD ME THEY WOULD DO A "GOOD WILL" REPLACEMENT OF THIS AUTO PART. SINCE THAT TIME, I HAVE DRIVEN THE CAR

APPROXIMATELY 1K MILES WITHOUT INCIDENT, UNTIL THIS PAST SATURDAY MAY 18 2013. I WAS IN STOP AND GO TRAFFIC, GOING AT SPEEDS BETWEEN 5-15 MPH. I PUSHED THE BRAKE TO DO A GRADUAL SLOW, THEN WENT TO PUSH THE ACCELERATOR BUT THERE WAS NO POWER. I LOOKED DOWN TO SEE MY DASH LIGHTS WERE PRESENT, BUT NO ENGINE SOUND. I SLOWED THE CAR TO A COMPLETE STOP, TURNED THE IGNITION OFF, THEN TURNED IT ON AND THE ENGINE STARTED RIGHT UP. AGAIN, AS PREVIOUS, NO ERROR MESSAGES APPEARED ON MY DASH. THE CAR HAS BEEN DRIVEN WITHOUT INCIDENT SO FAR 200 MILES SINCE THIS LAST INCIDENT. THE DEALERSHIP HAS ASKED ME TO BRING THE CAR IN AND ALLOW THEM TEST DRIVE THE CAR FOR A DAY HOPING THAT THIS INTERMITTENT PROBLEM WILL OCCUR FOR THEM. IT APPEARS TO BE CONNECTED TO HITTING THE BRAKES, SLOWING, THEN ATTEMPTING TO ACCELERATE. ALL TIMES THIS SO FAR THIS HAS OCCURRED WHILE DRIVING ON AN INCLINE. THE VEHICLE CURRENTLY HAS 35, 500 MILES. *TR

Complaint Filed July 8, 2013 (**NHTSA ID Number:** 10523828)

THE ENGINE STALLED WHILE DRIVING. I WAS DRIVING AT A LOW SPEED AND MAKING A RIGHT-HAND TURN, AND THE ENGINE SHUT OFF. THE CHECK ENGINE LIGHT ILLUMINATED. I LOST POWER STEERING AND WOUND UP ON THE OPPOSITE SIDE OF THE ROAD; FORTUNATELY, THERE WAS NO ONCOMING TRAFFIC OR IT COULD HAVE BEEN AN EVEN MORE DANGEROUS SITUATION. I WAS ABLE TO RESTART THE CAR AND CONTINUE DRIVING. THE DEALERSHIP DID NOT SEE A DIAGNOSTIC CODE RECORDED. THEY WERE ALSO NOT ABLE TO RECREATE THE PROBLEM. NO REPAIRS WERE MADE. THIS INCIDENT HAPPENED AGAIN AT APPROXIMATELY 9,000 MILES, AND MOST RECENTLY AT 24,184 MILES. IN ALL CASES THE SCENARIO IS SIMILAR: DRIVING AT A LOW SPEED, EITHER TURNING OR ON A CURVY ROAD. THE VEHICLE HAS RESTARTED WITHOUT INCIDENT, BUT THE COMPLETE LOSS OF POWER STEERING AND BRAKING MAKES THIS AN INCREDIBLY DANGEROUS DEFECT. THE DEALERSHIP WAS UNABLE TO FIND A DIAGNOSTIC CODE FOR THE MOST RECENT INCIDENT. *TR

Complaint Filed August 16, 2013 (**NHTSA ID Number:** 10535699)

FOR THE SECOND TIME THIS SUMMER THE ENGINE HAS JUST SHUT OFF WHILE DRIVING SLOWLY DOWN HILL. THIS TIME I BARELY MISSED CAUSING AN ACCIDENT AND HITTING A PEDESTRIAN. *TR

Complaint Filed September 7, 2013 (**NHTSA ID Number:** 10542456)

ENGINE DIED WHEN SLOWING DOWN - COMING TO A STOP OR MAKING TURNS APPROXIMATELY 8 TIMES SINCE THE TIME OF PURCHASE. FIRST TIME WAS WHEN COMING DOWN AN INCLINE TO A STOP SIGN. THE NEXT TIME HAPPENED WHEN MAKING A TURN AROUND A CORNER ON A RESIDENTIAL STREET. SINCE THAT FIRST TIME, SERVICE DEALER CHECKED FOR RECALLS, BUT THERE WERE NONE., IT RANDOMLY HAPPENS, NORMALLY WHEN SLOWING DOWN FROM TRAVELING SPEEDS OF 45 MI/HR OR SLOWER. I HAVE BEEN DOING MORE HIGHWAY DRIVING AND I AM STARTING TO GET SCARED THAT THIS COULD BE A REAL SAFETY ISSUE. THE NEXT TIME I BROUGHT THIS UP TO THE DEALER, MAY 2013, THE SERVICE DEALER CHECK COMPUTER FOR CODES BUT DIDN'T FIND ANY. NOW, WHEN I BROUGHT IN FOR MAINTENANCE IN AUGUST 2013, SAME THING, MENTIONED IT HAD DIED 2 TIMES SINCE MAY 2013, ALL IN SIMILAR SITUATIONS AND RANDOMLY/COMPUTER CHECKED AND NO CODES.. TODAY, SEPTEMBER 7, 2013. IT JUST HAPPENED AGAIN AND THIS TIME AS I WAS MAKING A RIGHT HAND TURN FROM A BUSY STREET (45 MILES/HR WHEN IT DIED- NO POWER STEERING. GOOD THING I WAS ABLE TO COME TO A STOP BEFORE CROSSING THE MEDIAN INTO ONCOMING TRAFFIC AND NO ONE WAS RIGHT BEHIND ME. I WAS ABLE TO RESTART THE ENGINE AND DROVE VERY CAUTIOUSLY HOME! PLAN ON BRINGING IT IN AND LEAVING IT WITH THE DEALER ASAP.

Complaint Filed September 30, 2013 (**NHTSA ID Number:** 10546144)

9/26/13 - WHILE GOING UP TO THE NEXT LEVEL OF A PARKING STRUCTURE AT A SLOW SPEED, THE VEHICLE STALLED. PUT IT INTO PARK AND RESTARTED IT AND DROVE IT TO A PARKING SPOT. LATER THAT DAY WAS ABLE TO DRIVE IT TO THE DEALERSHIP; THEY HAVE HAD IT FOR 4 DAYS (2 OF WHICH WERE OVER THE WEEKEND). NO CODES REGISTERED IN THE COMPUTER SYSTEM; THEY ARE WAITING TO HEAR FROM A HYUNDAI TECH. ACCORDING TO RESEARCH ONLINE, THIS IS A COMMON (AND DANGEROUS) PROBLEM WITH THE SANTA FE. PRIOR TO THIS EPISODE, ON 2 OTHER OCCASIONS (9/13/13 AND 8/3/2012), WAS DRIVING THE VEHICLE AT 70MPG AND 50MPH RESPECTIVELY AND LOST POWER AND THE ABILITY TO KEEP OR INCREASE MY SPEED AND HAD TO PULL OVER AND GET TOWED TO THE DEALERSHIP, BOTH TIMES. THIS TOO APPEARS TO BE COMMON AMONG ONLINE FORUMS FOR SANTA FE'S. *TR

Complaint Filed October 7, 2013 (**NHTSA ID Number:** 10547093)

CAR HAS STALLED WHILE DRIVING THREE TIMES, ALL AT LOW SPEEDS. 3/4 TANK OF GAS, NO LESS. CAR ALSO WON'T START AT TIMES UNLESS YOU MOVE SHIFT LEVER. CAR IS UNDER WARRANTY AND DEALER KEEPS SAYING NOTHING WRONG. NOT STARTING IS VERY MINOR. CAR STALLING IN TRAFFIC IS A MAJOR SAFETY ISSUE. *TR

Complaint Filed October 27, 2013 (**NHTSA ID Number:** 10549692)

VEHICLE HAS STALLED IN TRAFFIC WHEN DRIVING UNDER 10MPH AND ALSO WHEN AT A STANDSTILL AT A FOUR WAY INTERSECTION. TOOK THE VEHICLE TO HYUNDAI DEALERSHIP 5.13.2013 AND A THROTTLE BODY PART WAS ORDERED AND INSTALLED 5.21.2013. VEHICLE AGAIN STALLED TWICE AT LOW SPEED AND ON 10.11.2013 (MILEAGE 37,710) AN ECM UPGRADE WAS DONE. YESTERDAY,10.26.2013, THE CAR STALLED AGAIN. *TR

Complaint Filed October 31, 2013 (**NHTSA ID Number:** 10550397)

MY ENGINE HAS STALLED AT SEVERAL OCCASIONS BEGINNING AROUND APRIL 2013. THE FIRST 2 EVENTS HAPPENED AS I WAS STOPPED AT A RED LIGHT. I PUT MY FOOT ON THE ACCELERATOR AND NOTHING HAPPENED I HAD TO RESTART THE CAR TO GET IT MOVING AGAIN. THE CAR HAS ALSO STALLED TWICE WHILE I WAS REVERSING INTO A PARKING SPOT AND ONCE AS I WAS TURNING A CORNER I LOST CONTROL OF THE STEERING FUNCTION IN THE MIDDLE OF THE STREET. AS RECENTLY AS OCTOBER 2013 THE CAR STALLED AGAIN WHILE STOPPED AT A RED LIGHT. ALL OF THESE EVENTS HAPPENED AS I WAS STOPPED OR MOVING AT A LOW (LESS THAN 10 MPH) RATE OF SPEED. *TR

Complaint Filed November 11, 2013 (**NHTSA ID Number:** 10550475)

WHILE DRIVING AT SLOW SPEED 10-15 MPH AND BRAKING THE CAR COMPLETELY STALLED, ONCE WHILE TURNING LEFT AND ONCE WHILE GOING STRAIGHT. LOSS OF POWER STEERING AND POWER BRAKES AND NARROWLY AVOIDING HITTING ANOTHER VEHICLE. NO CHECK ENGINE LIGHT CAME ON AND NO CODES STORED. *TR

Complaint Filed December 19, 2013 (**NHTSA ID Number:** 10556649)

VEHICLE PICKED UP AFTER INSPECTION AT DEALER AND DRIVEN APPROX. 1 MILE WHEN VEHICLE EXPERIENCED SUDDEN LOSS OF POWER. TOOK BACK TO DEALER, MILLER HYUNDAI, AND THEY

ADVISED NOTHING WRONG. THEN ON 11/11/13 SAME THING OCCURRED. MILLER HYUNDAI ADVISED THEY COMPLETED AN ECM UPGRADE. LEFT DEALER LOT AND DROVE APPROX. 1/2 MILE AND SAME THING OCCURRED. MILLER HYUNDAI THEN REPLACE THE THROTTLE BODY ON 11/14/13. ON 12/19/13 THE SAME THING OCCURRED, SUDDEN LOST OF POWER. THIS IS THE 4TH TIME IN 8 MONTHS THAT THIS HAS OCCURRED. *TR

Complaint Filed January 24, 2014 (**NHTSA ID Number:** 10561379)

TL* THE CONTACT OWNS A 2012 HYUNDAI SANTA FE. THE CONTACT STATED THAT THE VEHICLE STALLED WITHOUT WARNING WHILE DRIVING AT VARIOUS SPEEDS. THE MALFUNCTION INDICATOR LIGHT ILLUMINATED AFTER THE FAILURE OCCURRED. THE CONTACT WAS ABLE TO RESTART THE ENGINE. THE FAILURE WAS EXPERIENCED SEVERAL TIMES. THE DEALER REPLACED THE THROTTLE BODY HOWEVER THE FAILURE WAS NOT CORRECTED AND THE ENGINE CONTINUED TO STALL WITHOUT WARNING. THE MANUFACTURER WAS MADE AWARE OF THE FAILURE. THE APPROXIMATE FAILURE MILEAGE WAS 18,000 AND THE CURRENT MILEAGE WAS 22,000.

Complaint Filed January 31, 2014 (**NHTSA ID Number:** 10562419)

I WAS ON A FREEWAY ON RAMP THAT GOES DOWNHILL AND INVOLVES A CURVE TO THE RIGHT. ABOUT HALFWAY DOWN THE ON RAMP MY ENGINE STALLED. I HAD TO TURN MY WHEEL AS FAR RIGHT AS I COULD TO AVOID GOING OFF EMBANKMENT AND COULD NOT ACCELERATE TO TRY TO MOVE AWAY FROM THE EDGE OF THE EMBANKMENT OR ATTAIN A SAFE SPEED TO MERGE ONTO FREEWAY. MY OIL LIGHT AND MALFUNCTION LIGHT BOTH CAME ON. I WAS ABLE TO GET TO THE SIDE OF THE ROAD AND TURN CAR OFF. WHEN I TURNED IT BACK ON ALL INDICATOR LIGHTS WERE OFF AND CAR DROVE FINE. I WAS INFORMED BY DEALERSHIP THERE HAS BEEN A RECENT SOFTWARE FIX FOR THIS THAT HAS TO DO WITH THE THROTTLE. *TR

Complaint Filed March 4, 2014 (**NHTSA ID Number:** 10566936)

MY 2012 HYUNDAI SANTA FE HAS LOST POWER TWICE WHILE DRIVING. THE FIRST TIME THIS OCCURRED WAS ON APRIL 11, 2013. IT HAPPENED AGAIN ON MARCH 1, 2014. BOTH TIMES THE VEHICLE SHUT OFF WHILE DRIVING AT A SLOW SPEED. THE FIRST TIME WAS ON A ROADWAY, THE SECOND TIME WAS IN A PARKING LOT. I HAVE READ OF SIMILAR EXPERIENCES ON THE INTERNET. I HAVE NOTIFIED THE DEALER AND HYUNDAI CUSTOMER SERVICE OF

BOTH INCIDENTS. HYUNDAI HAS ADVISED THERE IS NOTHING THEY CAN REALLY DO UNLESS THEY ARE ABLE TO DUPLICATE THE ISSUE. *TR

Complaint Filed March 18, 2014 (**NHTSA ID Number:** 10573113)

THIS IS A FOLLOW UP TO THE COMPLAINT I MADE ON 5/13/2013. AT THAT TIME MY VEHICLE WAS AT THE DEALERSHIP TO TRY TO DUPLICATE THE PROBLEM I HAD BEEN HAVING WHICH WAS THAT MY CAR WOULD RANDOMLY STALL WHILE MAKING A TURN, WHETHER LEFT OR RIGHT. WHEN THIS HAPPENED THE PANEL WOULD LIGHT UP LIKE CHRISTMAS AND EVERYTHING INCLUDING THE BRAKES WOULD CEASE TO WORK. I HAVE TO COAST TO A SAFE LOCATION (IF POSSIBLE) TO TURN OFF CAR AND THEN RESTART IT. I HAVE BEEN VERY FORTUNATE THAT ME OR MY FAMILY HAVE NOT BEEN HIT WHEN THIS HAPPENS. UPDATE TO LAST REPORT: MY CAR STAYED AT THE DEALERSHIP FOR 3 WEEKS HOWEVER THE PROBLEM WAS NOT DUPLICATED. THEIR SOLUTION (HYUNDAI USA AND MY DEALERSHIP) WAS TO REPLACE THE THROTTLE BODY. EVERYTHING WAS FINE UNTIL THE SAME PROBLEM OCCURED ON 1/19/2014. I DON'T THINK HYNDAI USA WILL BE SATISFIED UNTIL THERE'S FATALITIES UNFORTUNATELY.

Complaint Filed March 24, 2014 (**NHTSA ID Number:** 10574618)

THE VEHICLE SHUT ITSELF OFF WHEN DRIVING LOCALLY AND ON HIGH WAY. THE DEALERSHIP COULD NOT EVEN MAKE A DIAGNOSIS. HYUNDAI HEADQUARTERS REFUSED TO INVESTIGATE IT.

Complaint Filed March 25, 2014 (**NHTSA ID Number:** 10574730)

AFTER COMING TO A FULL STOP AT AN INTERSECTION, I ACCELERATED TO ENTER THE INTERSECTION AND TURN RIGHT. ALMOST IMMEDIATELY AS I PULLED INTO THE INTERSECTION, THE CAR STALLED AS THOUGH IT HAD DIED. I CONTINUED TO PRESS ON THE ACCELERATOR AND AFTER 3 TO 4 SECONDS, THE CAR LURCHED FORWARD, WITH FUEL FEED WORKING NORMALLY. I TOOK THE CAR TO MY LOCAL DEALER WHERE I BOUGHT THE CAR FOR INSPECTION. THEY TOOK THE CAR IN FOR TESTING AND SAID THEY COULD NOT FIND ANYTHING WRONG. THIS PROBLEM PERSISTED, WITH THE INCIDENTS BEING INFREQUENT. I REPORTED THIS PROBLEM EACH OF THE NEXT FEW TIMES THE PROBLEM RECURRED. EACH TIME I ASKED IF OTHERS HAD REPORTED THE SAME PROBLEM. EACH TIME I WAS TOLD THERE WERE NO SUCH

COMPLAINTS, AND THAT THEY COULD NOT FIND A REASON FOR MY PROBLEM. FINALLY, I LEFT THE VEHICLE AT THE DEALER FOR SEVERAL DAYS WITH THE UNDERSTANDING THAT THEY WOULD DRIVE THE CAR FREQUENTLY, TRYING TO DUPLICATE MY PROBLEM. AFTER SEVERAL DAYS, THEY CALLED TO SAY THEY HAD EXPERIENCED THE PROBLEM AS I HAD REPORTED IT, AND THEY HAD FIXED IT. I ASKED WHAT WAS DONE, AND THE AGENT COULD/WOULD NOT SPECIFY WHAT THE CAUSE WAS, BUT THEY WROTE ON THE INVOICE THAT THEY HAD REPROGRAMMED TCM WITH TSB#11-AT-011-1. I THEN AGAIN QUERIED ABOUT OTHER COMPLAINTS, AND HE SAID THAT THERE HAD BEEN OTHER COMPLAINTS AFTER ALL, AND THIS SHOULD FIX THE PROBLEM. HOWEVER, I HAVE SINCE EXPERIENCED THE PROBLEM AGAIN AND FEAR THAT AN ACCIDENT IS POSSIBLE. THE LATEST: THEY ARE TAKING MY VEHICLE IN THIS THURSDAY FOR A MAJOR DIAGNOSIS "TO TRY TO FIND THE PROBLEM"., AGAIN.

Complaint Filed April 2, 2014 (**NHTSA ID Number:** 10576654)

TL* THE CONTACT OWNS A 2012 HYUNDAI SANTA FE. THE CONTACT STATED WHILE DRIVING APPROXIMATELY 10 MPH, THE ENGINE STALLED WITHOUT WARNING. THE VEHICLE WAS COASTED TO THE SIDE OF THE ROAD. THE VEHICLE RESTARTED ON THE FIRST ATTEMPT AND OPERATED NORMALLY. THE FAILURE RECURRED ON A SEPARATE OCCASION. THE VEHICLE WAS TAKEN TO AN AUTHORIZED DEALER WHERE THEY WERE UNABLE TO DUPLICATE THE PROBLEM. THE MANUFACTURER WAS NOTIFIED OF THE DEFECT. THE APPROXIMATE FAILURE MILEAGE WAS 10,000. UPDATED 05/28/14*LJ

Complaint Filed April 4, 2014 (**NHTSA ID Number:** 10577396)

TL* THE CONTACT OWNS A 2011 HYUNDAI SANTA FE. THE CONTACT STATED THAT WHILE DRIVING 20 MPH, THE VEHICLE STALLED. THE VEHICLE WAS NOT TAKEN TO A DEALER OR INDEPENDENT MECHANIC. THE MANUFACTURE WAS NOT NOTIFIED. THE FAILURE MILEAGE WAS 38,800 AND THE CURRENT MILEAGE WAS 38,920.

Complaint Filed April 8, 2014 (**NHTSA ID Number:** 10578264)

OUR 2012 HYUNDAI SANTE FE HAS SUDDENLY LOST POWER ON THREE OCCASIONS. THE FIRST TWO TIMES WE WERE DRIVING AT HIGHWAY SPEEDS, LOST POWER AND MANAGED TO GET TO THE SIDE OF THE ROAD WITHOUT BEING HIT FROM BEHIND. THE DEALER INITIALLY DID AN ECM UPGRADE AND AFTER THE

SECOND INCIDENT REPLACED THE THROTTLE BODY ASSEMBLY. A YEAR LATER (MARCH 2014) THE SAME THING HAPPENED WHILE DRIVING ABOUT 15 MPH. UNLIKE THE PREVIOUS EPISODES, THERE WAS NO CODE AND THE DEALERSHIP COULDN'T REPLICATE THE PROBLEM. THEY TOLD ME TO TAKE THE CAR BUT I REFUSED BECAUSE IT WAS SUCH A SAFETY PROBLEM. AFTER TWO WEEKS WITH THE CAR THEY REPLACED THE THROTTLE BODY ASSEMBLY AGAIN. I AM CONCERNED THAT THIS IS GOING TO HAPPEN AGAIN AND TRIED TO WORK WITH THE DEALER TO REPLACE THE CAR BUT WITHOUT LUCK. I'VE SEEN ON THE INTERNET THAT THIS PROBLEM IS COMMON WITH THIS PARTICULAR CAR AND CAN'T UNDERSTAND WHY THERE ISN'T A RECALL. MANY PEOPLE EXPERIENCED THE SAME SCENARIO AS I DID AND ALSO BELIEVE THE NEXT TIME THEY COULD BE KILLED.

Complaint Filed April 21, 2014 (**NHTSA ID Number:** 10583791)

2011 HYUNDAI SANTA FE. CONSUMER WRITES IN REGARDS TO WHILE DRIVING VEHICLE ENGINE SHUT OFF AND CAR DIED. *SMD THE CONSUMER STATED WHEN HE SLOWED DOWN TO GO AROUND A CURVE, THE VEHICLE SHUT OFF. HE COULD BARELY GET THE VEHICLE TO THE SIDE OF THE ROADWAY, BECAUSE THERE WAS NO POWER STEERING OR POWER BRAKES. TECH SUPPORT, RECOMMENDED REPLACING THE THROTTLE BODY, SINCE THE DEALER COULD NOT FIND A PROBLEM. HOWEVER, ON MARCH 1, 2014, WHILE DRIVING IN A PARKING LOT AT 10 MPH, THE ENGINE SHUT OFF AGAIN. THE POWER STEERING AND BRAKES WERE NOT OPERABLE. HE LET THE VEHICLE SIT FOR SEVERAL MINUTES BEFORE RE-STARTING IT. THE CONSUMER RETURNED TO THE DEALER, AND AFTER A THOROUGH EXAMINATION, THEY WERE UNABLE TO DUPLICATE THE PROBLEM. *JB

Complaint Filed April 28, 2014 (**NHTSA ID Number:** 10585396)

SINCE PURCHASED NEW IN 2011, VEHICLE HAS STALLED, LOSING POWER WITHOUT WARNING IN 6 SEPARATE INCIDENTS. ROAD SURFACES WERE LEVEL AND SPEEDS RANGED FROM 0-50 MPH. DURING EACH MALFUNCTION, SPEED DECREASED TO 0 MPH OR DID NOT ACCELERATE IF ALREADY AT 0 MPH. LOSS OF SPEED IS ACCOMPANIED BY PRESENCE OF ENGINE, BATTERY, AND OIL INDICATOR LIGHTS. I AM ABLE TO SHIFT FROM DRIVE TO PARK MODE, COMPLETELY TURN OFF ENGINE, AND RESTART IGNITION. VEHICLE APPEARS TO OPERATE NORMALLY AFTER EACH INCIDENT UNTIL NEXT ONE OCCURS. ALL BUT TWO INCIDENTS OCCURRED INTERMITTENTLY MONTHS APART ON METROPOLITAN INTERSTATE HIGHWAYS WITH HEAVY TRAFFIC CONDITIONS. TWO

MOST RECENT INCIDENTS OCCURRED ON SAME DAY WITHIN MINUTES OF EACH OTHER. EVERY TIME VEHICLE WAS TAKEN TO AUTHORIZED DEALER FOR EVALUATION, TYPICALLY WITHIN HOUR OF INCIDENT, TECHNICIANS HAVE BEEN UNABLE TO DUPLICATE PROBLEM OR DIAGNOSE MALFUNCTION. CONSEQUENTLY, VEHICLE HAS NOT BEEN REPAIRED. ACCORDING TO 4 AUTHORIZED DEALERS AND HYUNDAI CONSUMER AFFAIRS, TROUBLE CODE IS NECESSARY TO REPAIR MALFUNCTION. TWO AUTHORIZED DEALERS HAVE EVALUATED VEHICLE WITHOUT DIAGNOSING MALFUNCTION. NEITHER HAS BEEN ABLE TO DUPLICATE PROBLEM OR FIND TROUBLE CODE, DESPITE MAINTAINING POSSESSION OF VEHICLE FOR DAYS. BASED ON MY HISTORY OF COMPLAINTS ABOUT SAME SAFETY CONCERN, HOWEVER, TECHLINE ADVISED AUTHORIZED DEALER TO REPLACE ELECTRIC THROTTLE CONTROL MOTOR: PROCEDURE DONE IN OCTOBER 2013, YET STALLING/LOSS OF POWER OCCURRED AGAIN-- TWICE--IN APRIL 2014. SPORADICALLY RECURRING MALFUNCTION REMAINS UNRESOLVED. I HAVE TWO SEPARATE CASES FILED WITH HYUNDAI CONSUMER AFFAIRS. VEHICLE IS UNDER WARRANTY, UP-TO-DATE ON MAINTENANCE, AND HAS ACCUMULATED RELATIVELY LOW MILEAGE TO DATE AT APPROXIMATELY 37,000 MILES.**4/16/2014**STALLED/LOST POWER TWICE, 2-3 MINUTES BETWEEN INCIDENTS. TOWED TO AUTHORIZED DEALER; CURRENTLY AWAITING INSTRUCTIONS FROM TECHLINE.

Complaint Filed May 11, 2014 (**NHTSA ID Number:** 10587679)

DRIVING APROX 20 MPH, WITH NO WARNING ENGINE SHUTS DOWN, UNABLE TO STEER. SECOND TIME WAS DRIVING AT 40 MPH. THIS HAS HAPPENED THREE TIMES. DEALER CANNOT FIND OR REPRODUCE PROBLEM.

Complaint Filed May 26, 2014 (**NHTSA ID Number:** 10594085)

THIS IS THE SECOND INCIDENT. THE FIRST WAS IN SEPTEMBER 2013. BOTH TIMES I WAS TRAVELING AT 15 MPH WHEN THE CAR ENGINE STALLED AND I LOST STEERING POWER AND BRAKING POWER. I WAS ABLE TO PULL OVER TO SIDE OF ROAD AND PUT CAR IN PARK IT THEN RESTARTED. ENGINE WARNING LIGHT CAME ON BOTH TIMES. I CALL HYUNDAI CUSTOMER SERVICE AND WAS TOLD TO HAVE CAR TOWED TO CLOSEST DEALER WHICH IS OVER 60 MILES FROM ME. THEY ARE NOT SURE IF I WILL BE REIMBURSED FOR TOWING FEES THIS FAR

Complaint Filed June 5, 2014 (**NHTSA ID Number:** 10596478)

WHILE DRIVING THE ENGINE DIED SUDDENLY, I WAS ABLE TO RESTART THE ENGINE. THIS HAS HAPPENED MULTIPLE TIMES AND IS VERY DANGEROUS FOR A REAR END COLLISION, I HAVE TAKEN THE CAR TO HYUNDAI DEALERSHIPS BUT THEY ARE UNABLE TO DUPLICATE THE PROBLEM AND SAY THAT THEY CAN'T FIND ANYTHING WRONG WITH THE VEHICLE. I HAVE NOTIFIED HYUNDAI OF THE PROBLEM AND THEY JUST TELL ME TO TAKE IT TO A DIFFERENT DEALERSHIP. I HAVE RESEARCHED THIS ISSUE ON THE INTERNET AND THERE SEEMS TO BE MANY HYUNDAI OWNERS HAVING THE SAME ISSUE WITH THE SAME YEAR AND MAKE OF VEHICLE. THERE DOESN'T SEEM TO BE A FIX FOR THIS PROBLEM THAT HYUNDAI IS AWARE OF. PLEASE HELP! THANK YOU

Complaint Filed June 6, 2014 (**NHTSA ID Number:** 10596575)

TL* THE CONTACT OWNS A 2010 HYUNDAI SANTE FE. THE CONTACT STATED THAT WHILE DRIVING THE VEHICLE STALLED. ADDITIONALLY, WHILE AT A STOP LIGHT THE VEHICLE WOULD NOT ACCELERATE WHEN THE ACCELERATOR PEDAL WAS ENGAGED. THE VEHICLE WAS TAKEN TO A DEALER, WHO WAS UNABLE TO DETERMINE THE CAUSE OF FAILURE. THE VEHICLE WAS NOT REPAIRED. THE MANUFACTURER WAS MADE AWARE OF THE FAILURE. THE FAILURE MILEAGE WAS 50,000. THE CURRENT MILEAGE WAS 70,000.

Complaint Filed June 8, 2014 (**NHTSA ID Number:** 10596915)

VEHICLE DRIVEN SHOPPING CENTER (APPROXIMATELY 15 MI.) UPON LEAVING VEHICLE STALLED GOING APPROXIMATELY 15 MPH. STEERING CUT OUT AND DIFFICULT, BUT WAS ABLE TO GET TO THE SIDE OF THE ROAD. WAS ABLE TO RESTART VEHICLE AFTER APPROXIMATELY 3 MINUTES. GAS WAS PURCHASED APPROXIMATELY 1 WEEK PRIOR AND VEHICLE RAN FINE. WILL TAKE TO THE DEALER, BUT BASED ON OTHER REPORTS I DO NOT EXPECT THEM TO FIND ANY PROBLEMS.

Complaint Filed June 10, 2014 (**NHTSA ID Number:** 10597317)

TL* THE CONTACT OWNS A 2012 HYUNDAI SANTA FE. THE CONTACT STATED THAT WHILE TRAVELING 60 MPH, THE VEHICLE STALLED AS ALL INDICATORS LIGHTS ILLUMINATED ON THE INSTRUMENT PANEL. THE VEHICLE WAS TOWED TO THE DEALER. THE TECHNICIAN DIAGNOSED THAT THE ECM CARBURETOR WAS DEFECTIVE AND NEEDED TO BE REPLACED. THE MANUFACTURER

WAS NOT CONTACTED. THE VEHICLE WAS REPAIRED BUT THE FAILURE HAS RECURRED SEVERAL TIMES. THE FAILURE AND CURRENT MILEAGE WAS 24,741.

Complaint Filed June 12, 2014 (**NHTSA ID Number:** 10597887)

TL* THE CONTACT OWNS A 2010 HYUNDAI SANTA FE. THE CONTACT STATED WHILE MAKING A LEFT TURN, THE VEHICLE STALLED WITH NO WARNING. THE CONTACT HAD TO APPLY EXTREME FORCE TO TURN THE STEERING WHEEL AND WAS ABLE TO MERGE TO THE SIDE OF THE ROAD. THE CONTACT WAS ABLE TO RESTART THE VEHICLE. THE VEHICLE WAS TAKEN TO AN AUTHORIZED DEALER. THE TECHNICIAN WAS NOT ABLE TO NEITHER REPLICATE NOR DIAGNOSE THE FAILURE.THE MANUFACTURER WAS NOTIFIED OF THE FAILURE. THE APPROXIMATE FAILURE MILEAGE WAS 30,800.

Complaint Filed June 16, 2014 (**NHTSA ID Number:** 10598590)

MY FAMILY HAS A 2012 HYUDAI SANTA FE. WE STARTED EXPERIENCING PROBLEMS WITH THE VEHICLE STALLING WHILE DRIVING IN 2013. THE CAR STALLED MULTIPLE TIMES ON CITY STREETS AND ONCE ON THE HIGHWAY. WHEN THE CAR STALLS, THE DRIVER LOSES POWER STEERING AND BRAKES. IT IS A VERY DANGEROUS SITUATION. AFTER THE THIRD TIME THE CAR STALLED WE TOOK IT IN FOR SERVICE IN APRIL OF 2013 TO THE LOCAL HYUNDAI DEALERSHIP. THE TECHNICIAN RAN A COMPLETE DIAGNOSTIC AND SAID HE COULD NOT FIND ANYTHING WRONG WITH THE VEHICLE. WE REFUSED TO TAKE THE CAR AT THAT TIME AND INSISTED ON MORE TESTING. THEY DID FIND A PROBLEM. THEY REPLACED/REPAIRED THE ETC-ACTUATOR AND GASKET-THROTTLE BODY. THE CAR RAN FINE UNTIL LAST WEEK WHEN IT STARTED THE SAME PROBLEMS AGAIN. IT HAS STALLED FOUR TIMES IN THE LAST WEEK. THE LATEST STALL HAPPENED TODAY WHEN MY GIRLFRIEND WAS DRIVING THE CAR AT AROUND 30 MPH. IT ALSO STALLED LAST NIGHT WHEN I WAS DRIVING IT HOME AT ABOUT 25 MPH. I WAS ABLE TO GET TO THE SIDE OF THE ROAD AND PUT THE CAR IN PARK. I TURNED THE KEY AND IT STARTED RIGHT UP AGAIN. WHEN IT STALLED ON ME, I LOST POWER STEERING AND POWER BRAKES. THE TIME OF THE INCIDENT WAS 9:48PM AND THE MILEAGE ON THE CAR WAS 72,917. IT WAS VERY SCARY. WE ARE TAKING CAR TO HYUNDAI DEALERSHIP TODAY FOR REPAIRS. WE DO NOT WANT TO DRIVE THIS CAR ANYMORE. IT IS UNSAFE AND A HAZARD.

Complaint Filed June 26, 2014 (**NHTSA ID Number:** 10606094)

AFTER DRIVING TO WORK (APPROXIMATELY 27 MINUETS AT SPEEDS UP TO 70+) I PULLED INTO MY WORK PARKING LOT LIKE I HAVE DOWN THOUSANDS OF TIMES BEFORE. I PROCEEDED TO MAKE A RIGHT TURN AND ALL POWER FAILED ON VEHICLE. THE RADIO DISPLAY WENT DEAD AND THE CAR STOPPED MID TURN. IT WAS ALMOST LIKE WHEN YOUR POWER GOES OUT AT HOME DURING A STORM. I TRIED SHIFT THE CAR TO SEE IF IT WOULD WANT TO START BACK UP BUT IT DIDN'T LET THE KEY GO ALL THE WAY TO THE RIGHT LIKE YOU WOULD TO NORMALLY CRANK A VEHICLE. THE PANEL ILLUMINATED ALL ICONS AND LIGHTS (SIMILAR TO A POWER OUTAGE). I TRIED TO START THE CAR A FEW MORE TIMES WHEN FINALLY IT TURNED OVER AND I PULLED TO THE NEAREST PARKING SPACE. I IMMEDIATELY CALLED THE DEALERSHIP AND EXPLAIN WHAT HAPPENED. I HAD ROADSIDE TOW IT TO THE DEALERSHIP (SPORT DURST). AFTER HAVING THE VEHICLE ALL DAY, I ARRIVED THERE SLIGHTLY BEFORE 5PM TO DISCUSS WHAT WAS FOUND. THEY PROCEEDED TO SHOW ME A PRINT OUT OF THE COMPUTER READING WHERE IT HAD NO "CODES" PRESENT. I WAS THEN TOLD IF THEY DON'T HAVE A CODE, THEY DON'T KNOW WHERE TO LOOK FOR THE ISSUE. I THEN EXPLAINED THAT I WAS LUCKY THIS TIME THAT I WAS NOT IN TRAFFIC OR THAT ANOTHER CAR WASN'T BEHIND ME OR THAT IT WASN'T AT NIGHT IN AN UNSAFE AREA BUT AS A CAR OWNER WHY AM I EXPECTED TO ROLL THE DICE WITH MY SAFETY?? WHY CAN'T THEY DO WHAT IT TAKES TO GET TO THE BOTTOM OF THE ISSUE. I DON'T LIKE BEING AT ANY DEALERSHIP WASTING MY EVENING HAGGLING WITH THEM MORE THEN THEY DO. THEREFORE I HAVE NO REASON TO MAKE IT UP. THE SERVICE MANAGER TRIED TO EXPLAIN THAT HIS HANDS WERE TIED AND THAT FOR THE WARRANTY TO BE USED TO CHECK ALL POTENTIAL ISSUES (WITHOUT ANY "CODES") I WOULD HAVE TO BE RESPONSIBLE FOR THE BILL UNLESS THEY FIND SOMETHING WHICH I FEEL IS UNFAIR WHEN THE CAR IS 2 YEARS OLD WITH 40,000 MILES. I WAS THEN TOLD WHEN IT HAPPENS NEXT TIME... RECORD IT...

Complaint Filed July 11, 2014 (**NHTSA ID Number:** 10609836)

TL* THE CONTACT OWNS A 2012 HYUNDAI SANTA FE. THE CONTACT STATED THAT WHILE DRIVING 30 MPH, THE VEHICLE STALLED WITHOUT WARNING. THE CONTACT WAS ABLE TO RESTART THE VEHICLE AFTER THE FAILURE. THE MANUFACTURER WAS NOT MADE AWARE OF THE FAILURE. THE VEHICLE WAS NOT REPAIRED. THE FAILURE MILEAGE WAS 5,000 AND THE CURRENT MILEAGE WAS 7,000.

Complaint Filed July 14, 2014 (**NHTSA ID Number:** 10610396)

I HAVE HAD THE ENGINE STALLMENT ISSUE WITH MY 2010 SANTA FE LIMITED SINCE I BOUGHT THIS CAR NEW IN 2010. MY LAST 4 INCIDENTS HAVE BEEN REPORTED TO THE DEALER. THEY HAVE NOT BEEN ABLE TO DUPLICATE THE ISSUE NOR FIND ANY CODES FOR IT. THEY HAVE PERFORMED THE FOLLOWING FIXES ON MY CAR IN 4 SEPARATE ATTEMPTS WITH NO LUCK: - REPLACE THROTTLE BODY (2013) - REPLACE MAIN POWER CABLE - REPLACE COMPUTER'S MAIN BOARD - UPDATE SOFTWARE THIS IS AN EXTREMELY DANGEROUS ISSUE. LAST TIME IT HAPPENED I WAS DRIVING MY CAR ON A DOWNHILL RAMP TO ENTER THE FREEWAY WHEN THE ENGINE STALLED. I CAN STILL HEAR THE CONCRETE TRUCK'S BRAKE SOUND IN MY EARS WHEN IT DESPERATELY MANAGED TO STOP AND AVOID COLLISION. I DON'T FEEL SAFE TO DRIVE THIS CAR ANYMORE. I HAVE ALSO LOST MY CONFIDENCE IN THE DEALER'S ABILITY TO PERMANENTLY FIX THIS ISSUE.

Complaint Filed July 16, 2014 (**NHTSA ID Number:** 10611004)

WHEN MAKING A RIGHT HAND TURN AT SLOW SPEED THE CARS STALLS OUT. TODAY 7/16 IS THE 3RD TIME THIS HAS HAPPENED. THE SAME EVENT HAPPENED TWICE IN THE SAME WEEK ABOUT 6 MONTHS AGO THEN NOT AGAIN. THIS SOUNDS TOO SIMILAR TO THE PROBLEMS W/ GM CARS.

Complaint Filed July 17, 2014 (**NHTSA ID Number:** 10611285)

ON MONDAY, JULY 14, 2014, MY WIFE RODE HER SANTA FE ON A STRAIGHT ROAD ACCELERATING SLIGHTLY UPHILL WHEN THE ENGINE STALLED. ON THURS. DEC. 5, 2013, I HAD A SIMILAR EXPERIENCE, WHICH I REPORTED TO YOU AT THE TIME. THIS IS THE SECOND TIME THIS HAS HAPPENED WITH THIS CAR. AGAIN NOBODY TOUCHED THE IGNITION KEY WHICH HAS NOTHING HANGING ON IT EXCEPT THE ALARM AND DOOR LOCK DONGLE. MY WIFE ALSO SUDDENLY LOST POWER STEERING AND POWER BRAKES, AND LUCKILY THERE WAS NO OTHER TRAFFIC, WHICH COULD HAVE CAUSED AN ACCIDENT. SHE WAS ABLE TO BRING THE CAR TO A SAFE STOP AND THEN WAS ABLE TO RESTART THE ENGINE AND CONTINUE HER TRIP. THE 2010 CAR HAD A FULL TANK OF GAS AND HAS ABOUT 50000 MILES ON THE ODOMETER. IT'S AWD AND HAS A 6 CYL. ENGINE. COULD THIS BE RELATED TO THE IGNITION SWITCH PROBLEM THAT HAS PLAGUED SO MANY GM CARS? NEEDLESS TO SAY WE ARE WORRIED DRIVING THE CAR BECAUSE IF THIS INCIDENT OCCURS AT HIGH SPEED, A SERIOUS

ACCIDENT COULD BE THE RESULT. DO YOU KNOW OF ANY SIMILAR EXPERIENCE? WHAT DO YOU ADVISE? ALBERT NILLE

39.     The consumer website carcomplaints.com contains similar accounts.    For example (spelling and grammatical errors remain as found in the original)[1]:

Complaint Dated August 6, 2012

The engine stalls at least weekly. Many times of dropping off the vehicle to the dealership, with no answer at all. The dealership and the Hyundai USA is kicking this back and forth each other.  - **poorhyundaisantafe**, Clementon, NJ, USA

Complaint Dated August 12, 2012

This is dangerous because the car just stops working dead in its tracks without any indication that there is a problem. One is not safe.  - **Janet D.**, Chapel Hill, NC, USA

Complaint Dated April 15, 2013

The car has simply died in the middle of the road, 2 times. 1st time (26k miles) on a 2 lane highway with a lot of traffic going about 40mph coasting on a slight downhill. Fortunately, I was able to pull to the side without incident, despite loss of steering and power brakes. Second time, (51k miles) slowing down to turn into my driveway. stalled during my turn, losing the steering I missed hitting my mailbox by inches.

Both times I took into Hyundai service & they could not replicate the problem. The 1st time, they replaced wires that were connected to battery? I don't know why, it is not a starting problem. Any suggestions?  - **Cathy P.**, Fremont, CA, USA

Complaint Dated May 24, 2013

This car is a lemon. It suddenly loses power at any speed between 40-80 miles per hour. Dealer has replaced the throttle body three times, supposedly they claim its a "software" update that's needed. It is a gas hog, worse than my v-8 Chevy Tahoe. It is totally unreliable.  - **Oscar M.**, PLantation, FL, USA

---

[1]     The complaints reproduced here can be viewed at http://www.carcomplaints.com/Hyundai/Santa_Fe/2012/engine/Engine_Stalls_Stops.shtml (last visited 8/5/14).

Complaint Dated June 4, 2013

Just want to relate that at 6am on my way to work, my car died after I stopped at a stop sign. All was dead, except for three light on the dash. I was in drive when it happened and I immediately put the car into park, tried to start it and nothing happened. Tried three times and nothing happened. No noise - nothing. then when I was about to panic, it started. I reported it to the dealership as this is a lease car. Probably they won't find any problem. I took it to a reptable mechanic that said nothing will show on the computer when I do take it in because nothing registered when I tried to start it. He said it wasn't the gas and was probably electric. I just hope it doesn't happen again. I'm already upset about the creaky console that they've already replaced once. It still creaks and this will be the deal breaker for me keeping the car. Otherwise it's an okay car.  - **sschryer**, Lakewood, CO, USA

Complaint Dated September 7, 2013

This is a dangerous problem. This is the first time I am reporting this online, but have talked to the dealer service department 2 times before today's incidence. Bought this new at the end of April 2012. It died when slowing down - coming to a stop sign twice that first summer. Didn't think too much of it, but unusual. Next it happen in Sept 2012 while making a turn on a residential street.
These two type of issues have happened a total of 6 times since I purchased it. Today, takes the cake - as I was turning from one busy street (approx 40 mi/hr) slowing down and into another busy street approx 30 mph when it died. I lost power steering and almost turned into oncoming traffic. Hyundai service, looks at the computer and says it does not record anything and I should leave it next time to see if they can duplicate it.  - **Cathy T.**, Elk Grove Village, IL, USA

40.     The following question was posted on the website cargurus.com on December 28, 2011: "My SF stalled on a slow speed right turn.  No engine code was produced.  Anyone else experienced this problem?  It is a 2011 Limited."  Thirty-two responses have been posted to date, most by fellow Santa Fe owners who experienced the Stalling Defect under various conditions.[2]

41.     As detailed by way of example above, scores of consumers have reported experiencing the Stalling Defect through NHTSA's website and other online sources.

---

[2] *See* http://www.cargurus.com/Cars/Discussion-t42005_ds511688 (last visited on 8/5/14).

42.     The existence of the Stalling Defect is a material fact that any reasonable consumer would consider when deciding whether to purchase or lease a Class Vehicle.  Had Plaintiffs and other Class Members been made aware of the Stalling Defect, they would not have purchased the Class Vehicles or would have paid less for them.

43.     Reasonable consumers, like Plaintiffs, expect that a vehicle  will function in a manner that will not pose a safety hazard, and will be free from defects. Plaintiffs and Class Members further reasonably expect that Defendants will not sell or lease vehicles with a known safety defect, and will disclose any such defect when it becomes known.

44.     Defendants had superior and exclusive knowledge of the Stalling Defect, and knew or should have known that the defect was not known or reasonably discoverable by Plaintiffs and Class Members before they purchased or leased the Class Vehicles.  Plaintiffs are informed and believe, and based thereon allege, that before Plaintiffs purchased their Class Vehicles, and since as early as 2009, Defendants acquired their exclusive knowledge of the Stalling Defect through sources not available to Plaintiffs and Class Members.  These sources include, but are not limited to, the following: pre-production testing, pre-release testing data, early consumer complaints made exclusively to Defendants and their dealers, including high warranty reimbursement rates and repair orders, testing conducted in response to those complaints, high failure rates and replacement part sales data, aggregate data from Defendants' dealers, and repair order and parts data received by Defendants from Defendants' network of dealers.

45.     In addition, Defendants were made aware of the Stalling Defect through online complaints which were publicly available, and, on information and belief, actively monitored by Defendants.

46. On information and belief, Defendants were also made aware of the Stalling Defect by additional complaints made by consumers directly to Defendants but not publicly reported. As illustrated above, a significant number of consumers took the time to document their complaints with NHTSA and on other public websites. Such complaints typically represent only a fraction of actual complaints as many consumers are not inclined to document their problems publicly. On information and belief, many more consumers contacted Defendants directly as early as the release of the 2010 model (*i.e.*, in late 2009) to report manifestations of the Stalling Defect.

47. The fact that Defendant was made aware of the Stalling Defect years ago is made all the more plausible by the manner in which the defect manifests and its seriousness. The publicly available complaints show that the defect has a tendency to recur repeatedly and places drivers in an extremely perilous position. The frequency of the defect and its seriousness, as well as the number of public complaints, create a plausible inference that Defendants received many more complaints than are available online and were made keenly aware of the Stalling Defect early. On information and belief, Defendants actively concealed the Stalling Defect to avoid the economic impact of notifying consumers and taking responsibility.

## TOLLING OF THE STATUTE OF LIMITATIONS

48. Because the Stalling Defect in the Class Vehicles cannot be detected until manifestation, Plaintiffs and Class Members were not reasonably able to discover the problem until after purchasing or leasing the Class Vehicles, despite their exercise of due diligence.

49. Plaintiffs and Class Members had no realistic ability to discern that their vehicles were defective until they stalled repeatedly, nor would Plaintiffs and Class Members

have reason to believe that problems they encountered were caused by a widespread, systematic defect.

50.     Plaintiffs are informed and believe, and based thereon allege, that Defendants have known of the Stalling Defect since at least 2009, if not earlier, and have concealed from or failed to alert owners and lessees of the Class Vehicles of their defective nature.

51.     Any applicable statute of limitation has therefore been tolled by Defendants' knowledge, active concealment, and denial of the facts alleged herein. Defendants are further estopped from relying on any statute of limitation because of their concealment of the defective nature of the Class Vehicles.

## CLASS ACTION ALLEGATIONS

52.     Plaintiffs bring this lawsuit as a class action on behalf of themselves and all others similarly situated as members of the proposed Class and Sub-Class pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3). This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of those provisions.

53.     The Class and Sub-Classes are defined as follows:

> **Class**: All individuals in the United States who purchased or leased any 2010 through 2012 Hyundai Santa Fe vehicle.
>
> **California Sub-Class**: All individuals in the State of California who purchased or leased any 2010 through 2012 Hyundai Santa Fe vehicle.

54.     Excluded from the Class and Sub-Classes are: (1) Defendants, any entity or division in which Defendants have a controlling interest, and their legal representatives, officers, directors, assigns, and successors; (2) the Judge to whom this case is assigned and the

Judge's staff; and (3) those persons who have suffered personal injuries as a result of the facts alleged herein. Plaintiffs reserve the right to amend the Class and Sub-Class definitions if discovery and further investigation reveal that the Class and Sub-Class should be expanded or otherwise modified.

55.     <u>Numerosity</u>: The Class here numbers in the tens of thousands, making joinder impracticable. The disposition of the claims of these Class Members in a single action will provide substantial benefits to all parties and to the Court. The Class Members are readily identifiable from information and records in Defendant's possession, custody, or control, as well as from records kept by the departments of motor vehicles of the various states.

56.     <u>Typicality</u>: The claims of the representative Plaintiffs are typical of the claims of the Class in that the representative Plaintiffs, like all Class Members, purchased and leased a Class Vehicle designed, manufactured, and distributed by Defendants and subject to the Stalling Defect. The representative Plaintiffs, like all Class Members, have been damaged by Defendants' misconduct.   Furthermore, the factual bases of Defendants' misconduct are common to all Class Members and represent a common thread resulting in injury to all Class Members.

57.     <u>Commonality</u>:   There are numerous questions of law and fact common to Plaintiff and the Class that predominate over any question affecting only individual Class Members.  These common legal and factual questions include the following:

(a)  Whether the Class Vehicles contain a defect that causes stalling;

(b)  Whether the Stalling Defect constitutes an unreasonable safety risk;

(c)  Whether Defendants knew about the Stalling Defect and, if so, how long Defendants have known of the defect;

(d) Whether the Stalling Defect constitutes a material fact to consumers;

(e) Whether Defendants have a duty to disclose the Stalling Defect to Plaintiffs and putative Class Members;

(f) Whether Plaintiffs and other Class Members are entitled to equitable relief, including, but not limited to, a preliminary and/or permanent injunction;

(g) Whether Plaintiffs and other Class Members are entitled to damages;

(h) Whether Defendants should be declared financially responsible for notifying all Class Members of the Stalling Defect and for the costs and expenses of repairing the defect;

(i) Whether Defendant is obligated to inform Class Members of their right to seek reimbursement for having paid to diagnose, repair, and replace their vehicles due to the Stalling Defect; and

(j) Whether Defendants breached the implied warranty of merchantability pursuant to the Song-Beverly Act.

58. <u>Adequate Representation:</u> Plaintiffs will fairly and adequately protect the interests of Class Members. Plaintiffs have retained attorneys experienced in the prosecution of class actions, including consumer and product defect class actions, and Plaintiffs intend to prosecute this action vigorously.

59. <u>Superiority:</u> Plaintiffs and the Class Members have all suffered and will continue to suffer harm and damages as a result of Defendants' unlawful and wrongful conduct. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Absent a class action, most Class Members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective

1  remedy at law. Because of the relatively small size of individual Class Members' claims, it is

2  likely that only a few Class Members could afford to seek legal redress for Defendants'

3  misconduct. Absent a class action, Class Members will continue to incur damages, and

4  Defendants' misconduct will continue without remedy. Class treatment of common questions

5  of law and fact would also be a superior method to multiple individual actions or piecemeal

6

7  litigation because class treatment will conserve the resources of the courts and the litigants

8  and will promote consistency and efficiency of the adjudication.

9      60.   In the alternative, the Class and Subclass may be certified because:

10         (a)  The prosecution of separate actions by the individual members of the Class

11         would create a risk of inconsistent or varying adjudication with respect to

12         individual Class Members, which would establish incompatible standards of

13         conduct for Defendant;

14

15         (b)  The prosecution of separate actions by individual Class Members would

16         create a risk of adjudications with respect to them that would, as a practical

17         matter, be dispositive of the interests of other Class Members not parties to the

18         adjudications, or substantially impair or impede their ability to protect their

19         interests; and,

20

21         (c)  Defendants have acted or refused to act on grounds generally applicable to

22         the Class, thereby making appropriate final and injunctive relief with respect to

23         the members of the class as a whole.

24

25

26

27

28

# FIRST CAUSE OF ACTION

## (Violation of California's Consumers Legal Remedies Act, California Civil Code § 1750, *et seq.*)

61.     Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

62.     Plaintiffs bring this cause of action on behalf of themselves and on behalf of all Class Members, and in the alternative on behalf of the California Sub-Class.

63.     Each Defendant is a "person" as defined by California Civil Code § 1761(c).

64.     Plaintiffs and Class Members are "consumers" within the meaning of California Civil Code § 1761(d).

65.     By failing to disclose and concealing the defective nature of the Class Vehicles from Plaintiffs and prospective Class Members, Defendants violated California Civil Code § 1770(a), as they represented that the Class Vehicles had characteristics and benefits that they do not have, and represented that the Class Vehicles were of a particular standard, quality, or grade when they were of another.  *See* Cal. Civ. Code §§ 1770(a)(5) & (7).

66.     Defendants' unfair and deceptive acts or practices occurred repeatedly in Defendants' trade or business, were capable of deceiving a substantial portion of the purchasing public, and imposed a serious safety risk on the public.

67.     Defendants knew that the Class Vehicles suffered from an inherent defect, were defectively designed or manufactured, and were not suitable for their intended use.

68.     As a result of their reliance on Defendants' omissions and/or misrepresentations, owners and/or lessees of the Class Vehicles suffered an ascertainable loss of money, property, and/or value of their Class Vehicles. Additionally, as a result of the Stalling Defect, Plaintiffs and Class Members were harmed and suffered actual damages

because the Class Vehicles are substantially certain to fail before their expected useful life has run.

69.     Defendants were under a duty to Plaintiffs and Class Members to disclose the defective nature of the Class Vehicles and/or the associated repair costs because:

(a)  Defendants were in a superior position to know the true state of facts about the safety defect in the Class Vehicles;

(b)  Plaintiffs and the Class Members could not reasonably have been expected to learn or discover that their vehicles had a dangerous safety defect until it manifested; and,

(c)  Defendants knew that Plaintiffs and the Class Members could not reasonably have been expected to learn of or discover the safety defect.

70.     In failing to disclose the defective nature of the Class Vehicles, Defendants knowingly and intentionally concealed material facts and breached their duty not to do so.

71.     The facts Defendants concealed from or did not disclose to Plaintiffs and Class Members are material in that a reasonable consumer would have considered them to be important in deciding whether to purchase or lease the Class Vehicles or pay less for them. Had Plaintiffs and other Class Members known that the Class Vehicles were defective, they would not have purchased or leased the Class Vehicles or would have paid less for them.

72.     As a result of Defendants' conduct, Plaintiffs and Class Members were harmed and suffered actual damages in that the Class Vehicles experienced and will continue to experience the Stalling Defect.

73.     As a direct and proximate result of Defendants' unfair or deceptive acts or practices, Plaintiffs and Class Members suffered and will continue to suffer actual damages.

74. Plaintiffs and the Class are entitled to equitable relief.

75. Plaintiffs provided Defendants with notice of its violations of the CLRA pursuant to California Civil Code § 1782(a). If, within 30 days, Defendants fail to provide appropriate relief for their violations of the CLRA, Plaintiffs will amend this Complaint to seek monetary, compensatory, and punitive damages, in addition to the injunctive and equitable relief that they seek now.

76. Plaintiff Greg Battaglia's Declaration of Venue, as required under California Civil Code § 1780(d), which reflects that a substantial part of the events or omissions giving rise to the claims alleged herein is situated in the Northern District of California, is attached hereto as Exhibit A.

## SECOND CAUSE OF ACTION

### (Violation of California Business & Professions Code § 17200, *et seq.*)

77. Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

78. Plaintiffs bring this cause of action on behalf of themselves and on behalf of all Class Members, and in the alternative on behalf of the California Sub-Class.

79. As a result of their reliance on Defendants' omissions and/or misrepresentations, owners and/or lessees of the Class Vehicles suffered an ascertainable loss of money, property, and/or value of their Class Vehicles. Additionally, as a result of the Stalling Defect, Plaintiffs and Class Members were harmed and suffered actual damages because the Class Vehicles are substantially certain to fail before their expected useful life has run.

80.     California Business & Professions Code § 17200 prohibits acts of "unfair competition," including any "unlawful, unfair or fraudulent business act or practice" and "unfair, deceptive, untrue or misleading advertising."

81.     Plaintiffs and Class Members are reasonable consumers who do not expect their vehicles to randomly stall and lose all power, including steering and braking, while in operation.

82.     Defendants knew the Class Vehicles suffered from an inherent defect, were defectively designed or manufactured, would fail prematurely, and were not suitable for their intended use.

83.     In failing to disclose the defects in the Class Vehicles, Defendants have knowingly and intentionally concealed material facts and breached their duty not to do so.

84.     Defendants were under a duty to Plaintiffs and the Class Members to disclose the defective nature of the Class Vehicles:

        (a) Defendants were in a superior position to know the true state of facts about the Stalling Defect in the Class Vehicles;

        (b) Defendants made partial disclosures about the quality of the Class Vehicles without revealing their defective nature; and,

        (c) Defendants actively concealed the defective nature of the Class Vehicles from Plaintiffs and the Class.

85.     The facts Defendants concealed from or failed to disclose to Plaintiffs and Class Members are material in that a reasonable person would have considered them to be important in deciding whether to purchase or lease the Class Vehicles. Had Plaintiffs and the other Class Members known that the Class Vehicles were defective and posed a safety hazard,

1   then Plaintiffs and the other Class Members would not have purchased or leased the Class
2   Vehicles, or would have paid less for them.

3       86.    Defendants continued to conceal the defective nature of the Class Vehicles
4   even after Class Members began to report problems.  Indeed, Defendants continue to cover up
5   and conceal the true nature of the problem today.

6       87.    By their conduct, Defendants have engaged in unfair competition and unfair
7   business practices.

8       88.    Defendants' unfair acts or practices occurred repeatedly in Defendants' trade or
9   business and were capable of deceiving a substantial portion of the purchasing public.

10      89.    In addition, as set forth herein, Defendants' acts and practices alleged herein
11  are unlawful because they violate California Civil Code §§ 1770 (a)(5), 1770 (a)(7),  1770
12  (a)(9), 1792, *et seq*., and 1795.90, *et seq.*, and 15 U.S.C. § 2301, *et seq*.

13      90.    Further, as set forth herein, Defendants' acts and practices are deceptive in that
14  they were capable of misleading or deceiving, and in fact did mislead and deceive, a
15  substantial portion of the purchasing public.

16      91.    As a direct and proximate result of Defendants' unfair, unlawful and deceptive
17  practices, Plaintiffs and Class Members have suffered and will continue to suffer actual
18  damages.

19      92.    Defendants have been unjustly enriched and should be required to make
20  restitution to Plaintiffs and Class Members, pursuant to §§ 17203 and 17204 of the Business
21  & Professions Code.

**THIRD CAUSE OF ACTION**

**(Breach of Implied Warranty Pursuant to Song-Beverly**

**Consumer Warranty Act, California Civil Code §§ 1792 and 1791.1, *et seq.*)**

93.     Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs of this Complaint

94.     Plaintiffs bring this cause of action against Defendants on behalf of themselves and on behalf of all Class Members, and in the alternative on behalf of the California Sub-Class.

95.     Defendants were at all relevant times the manufacturer, distributor, warrantor, and/or sellers of the Class Vehicles.  Defendants knew or had reason to know of the specific use for which the Class Vehicles were purchased or leased.

96.     Defendants provided Plaintiffs and Class Members with an implied warranty that the Class Vehicles and their components and parts are merchantable and fit for the ordinary purposes for which they were sold.  However, the Class Vehicles are not fit for their ordinary purpose of providing reasonably reliable and safe transportation because the Class Vehicles suffered from an inherent defect at the time of sale and thereafter were not fit for their particular purpose of providing safe and reliable transportation.

97.     Defendants impliedly warranted that the Class Vehicles were of merchantable quality and fit for such use.  This implied warranty included, among other things:  (i) a warranty that the Class Vehicles that were manufactured, supplied, distributed, and/or sold by Defendants were safe and reliable for providing transportation; and (ii) a warranty that the Class Vehicles would be fit for their intended use.

98.     Contrary to the applicable implied warranties, the Class Vehicles at the time of sale and thereafter were not fit for their ordinary and intended purpose of providing Plaintiffs and the Class Members with reliable, durable, and safe transportation.  Instead, the Class Vehicles were and are defective.

99.     As a result of Defendants' breach of the applicable implied warranties, owners and/or lessees of the Class Vehicles suffered an ascertainable loss of money, property, and/or value of their Class Vehicles.  Additionally, as a result of the Stalling Defect, Plaintiffs and Class Members were harmed and suffered actual damages because the Class Vehicles are substantially certain to fail before their expected useful life has run.

100.    Defendants' actions, as complained of herein, breached the implied warranty that the Class Vehicles were of merchantable quality and fit for such use in violation of California Civil Code §§ 1792 and 1791.1.

### FOURTH CAUSE OF ACTION

**(Breach of Implied Warranty Pursuant to Magnuson-Moss Warranty Act Pursuant to 15 U.S.C. § 2301)**

101.    Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

102.    Plaintiffs bring this cause of action against Defendants on behalf of themselves and on behalf of all Class Members.

103.    Plaintiffs and the other Class Members are "consumers" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(3).

104.    Each Defendant is a "supplier" and "warrantor" within the meaning of 15 U.S.C. § 2301(4)-(5).

105.    The Class Vehicles are "consumer products" within the meaning of 15 U.S.C. § 2301(1).

106.    Defendants impliedly warranted that the Class Vehicles were of merchantable quality and fit for such use.  This implied warranty included, among other things: (i) a warranty that the Class Vehicles that were manufactured, supplied, distributed, and/or sold by Defendants were safe and reliable for providing transportation; and (ii) a warranty that the Class Vehicles would be fit for their intended use.

107.    Contrary to the applicable implied warranties, the Class Vehicles at the time of sale and thereafter were not fit for their ordinary and intended purpose of providing Plaintiffs and the Class Members with reliable, durable, and safe transportation.  Instead, the Class Vehicles are defective.

108.    The amount in controversy of the Plaintiffs' individual claims meets or exceeds the sum or value of $25,000.  In addition, the amount in controversy meets or exceeds the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit.

109.    Defendants have been afforded a reasonable opportunity to cure their breach of implied warranty, including when Class Members brought their vehicles in for diagnoses and repair.

**RELIEF REQUESTED**

110.    Plaintiffs, on behalf of themselves, and all others similarly situated, request the Court to enter judgment against Defendants, as follows:

   (a)    An order certifying the proposed Class and Sub-Class, designating Plaintiffs as named representatives of the Class and Sub-Class, and

designating the undersigned as Class Counsel;

(b)     A declaration that Defendants are financially responsible for notifying all Class Members about the defective nature of the Class Vehicles, including the need for repair;

(c)     An order enjoining Defendants from further deceptive distribution, sales, and lease practices with respect to Class Vehicles;

(d)     An order requiring Defendants to notify all recipients of the Service Campaign Notification of the false and misleading statements contained within the Notification and accompanying website and to provide an accurate explanation of the nature, extent, manifestations and danger posed by the Stalling Defect;

(e)     An order requiring Defendants to perform a safety recall which, *inter alia*: (1) fully and accurately discloses the nature and manifestations of the Stalling Defect including, without limitation, the danger the defect poses; (2) provides a fix that addresses all manifestations of the Stalling defect and repairs Plaintiffs' and Class Members' vehicles such that they are  no longer subject to the Stalling Defect, or, if not possible, then alternatively provides full reimbursement of the purchase price or a comparable replacement vehicle; (3) establishes a reimbursement program for out-of-pocket losses suffered by Class Members as a result of the Stalling Defect; and (4) provides substitute vehicles during the time necessary to perform repairs for those who do not wish to drive their vehicles until they are repaired;

(f)     A declaration requiring Defendants to comply with the various provisions of the Song-Beverly Act alleged herein and to make all the required disclosures;

(g)     A declaration requiring Defendants to comply with the various provisions

of the Magnuson-Moss Act alleged herein and to make all the required disclosures;

(h)    An award to Plaintiffs and the Class for compensatory, exemplary, and statutory damages, including interest, in an amount to be proven at trial;

(i)    Any and all remedies provided pursuant to the Song-Beverly Act, including California Civil Code section 1794;

(j)    A declaration that Defendants must disgorge, for the benefit of the Class, all or part of the ill-gotten profits they received from the sale or lease of the Class Vehicles, or make full restitution to Plaintiffs and Class Members;

(k)    An award of attorneys' fees and costs, as allowed by law;

(l)    An award of attorneys' fees and costs pursuant to California Code of Civil Procedure § 1021.5;

(m)    An award of pre-judgment and post-judgment interest, as provided by law;

(n)    Leave to amend the Complaint to conform to the evidence produced at trial; and

(o)    Such other relief as may be appropriate under the circumstances.

## DEMAND FOR JURY TRIAL

111.    Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury of any and all issues in this action so triable.

//

//

//

1   Dated:  August 8, 2014                    GLANCY BINKOW & GOLDBERG LLP

2

3                                            By:  _s/ Mark S. Greenstone_____
                                             Lionel Z. Glancy
4                                            Mark S. Greenstone
                                             1925 Century Park East, Suite 2100
5                                            Los Angeles, California 90067
                                             Telephone: (310) 201-9150
6                                            Facsimile:  (310) 201-9160
                                             E-mail: info@glancylaw.com
7

8                                            *Attorneys for Plaintiffs*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28