IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA RENIGER, GREG BATTAGLIA, OREN JAFFE, LUCIA SAITTA, and ANN MANCUSO, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>HYUNDAI MOTOR AMERICA, a California corporation, and HYUNDAI MOTOR COMPANY, a foreign corporation,<br><br>    Defendants. | Case No. 14-3612 SC<br><br>ORDER RE: SUPPLEMENTAL BRIEFING |

Now before the Court are two motions in this putative class action alleging consumer protection, fraud, and warranty claims related to alleged low-speed stalling of Hyundai Santa Fe vehicles. ECF Nos. 31 ("Mot. to Strike"), 33 ("MTD").  While the motions are fully briefed,[1] the Court finds supplemental briefing on two issues is necessary prior to ruling on the motions.

///

---

[1] ECF Nos. 35 ("MTD Opp'n"), 36 "Mot. to Strike Opp'n"), 39 ("MTD Reply"), 40 ("Mot. to Strike Reply").

1    First, Hyundai's moves to dismiss four of the five named
2 Plaintiffs for lack of standing under Federal Rule of Civil
3 Procedure 12(b)(1).  However, Hyundai does not challenge the
4 standing of the fifth named plaintiff, Jaffe, perhaps because his
5 allegations seemingly satisfy the standing requirements.  See SAC
6 ¶¶ 33, 54-59. This is significant, because the parties have
7 overlooked that "[i]n a class action, standing is satisfied if at
8 least one named plaintiff meets the requirements."  See Lowden v.
9 T-Mobile USA, Inc., 512 F.3d 1213, 1215 n.1 (9th Cir. 2008); see
10 also Ellis v. Costco Wholesale Corp., 657 F.3d 970, 979 (9th Cir.
11 2011) (noting that "[b]ecause only one named Plaintiff must meet
12 the standing requirements, the district court did not err in
13 finding that Plaintiffs have standing.").

14    Similarly, Hyundai argues, based on the California Court of
15 Appeal's decision in LiMandri v. Judkins, 52 Cal. App. 4th 326,
16 336-37 (1997) that a duty to disclose presupposes either a
17 fiduciary relationship or some sort of transaction between the
18 parties.  However, other cases suggest that "a duty to disclose may
19 arise if a plaintiff alleges 'physical injury or . . . safety
20 concerns posed by the defect.'"  Mui Ho v. Toyota Motor Corp., 931
21 F. Supp. 2d 987, 997 (N.D. Cal. 2013).  Here, although Plaintiffs
22 did not press it in their opposition, the Complaint contains
23 numerous allegations that the alleged stalling defect is a safety
24 issue.  See SAC at ¶¶ 17, 48-50, 78, 87-89.  Moreover, in at least
25 one case involving a concealed safety risk, the Court of Appeal
26 reversed the dismissal of a fraudulent concealment claim against 19
27 chemical companies even though those companies only contracted with
28 the plaintiffs' decedent's employer.  See Jones v. ConocoPhillips,

198 Cal. App. 4th 1187, 1199-1200 (Cal. Ct. App. 2011).  While the Court of Appeal did not discuss the precise authorities on which Defendant bases their argument for dismissing Hyundai Motor Company, the absence of any suggestion that a transaction between the decedent and the chemical companies was necessary to create a duty to disclose casts doubt on both Defendant's argument that a transaction is required in the first place and their contention that Hyundai Motor Company should be dismissed because Plaintiffs never transacted with it.  See id.

Because the parties did not address these issues in their briefing on the motion to dismiss, the Court hereby ORDERS the parties to submit supplemental briefs limited to these and any related issues as follows:

- Hyundai shall file an opening brief of no more than ten (10) pages no later than Friday, June 26, 2015;
- Plaintiffs shall file a responsive brief of no more than ten (10) pages no later than Friday, July 3, 2015; and
- Hyundai may file a reply brief of no more than five (5) pages no later than Friday July 10, 2015.

IT IS SO ORDERED.

Dated: June 12, 2015

UNITED STATES DISTRICT JUDGE

3