GLANCY PRONGAY & MURRAY LLP
Lionel Z. Glancy (#134180)
Mark S. Greenstone (#199606)
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile:  (310) 201-9160
E-mail: info@glancylaw.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA RENIGER, GREG BATTAGLIA, LUCIA SAITTA and ANN MANCUSO, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>HYUNDAI MOTOR AMERICA, a California corporation, and HYUNDAI MOTOR COMPANY, a foreign corporation,<br><br>Defendants. | Case No.  4:14-cv-03612-CW<br><br>Hon. Claudia Wilken<br><br>**[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, PROVISIONALLY CERTIFYING A SETTLEMENT CLASS FOR SETTLEMENT PURPOSES, APPOINTING CLASS COUNSEL, DIRECTING THE ISSUANCE OF NOTICE TO THE CLASS, AND SCHEDULING A FAIRNESS HEARING** |

WHEREAS, on August 8, 2014, Plaintiffs Julia Reniger and Greg Battaglia filed a putative nationwide class action lawsuit ("Complaint" or "Action") against Hyundai Motor America and Hyundai Motor Company ("Hyundai") in the United States District Court for the Northern District of California, Case No. 14-cv-3612-CW alleging that Defendants committed unfair and deceptive business practices by failing to disclose and concealing material information about the unexpected stalling of Hyundai Santa Fe model year 2010-2012 vehicles ("Stalling Defect"). Plaintiffs' Complaint asserted claims for violations of California's Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.* ("CLRA"), California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* ("UCL"), violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 ("Mag-Moss"), and for breach of implied warranty pursuant to the Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1792 and 1791.1, *et seq.* ("Song Beverly"). Dkt. 1, ¶¶ 61-109.

WHEREAS on October 6, 2014 Defendants filed a motion to dismiss and a motion to strike portions of the Complaint.

WHEREAS in response to Defendants' motion to dismiss and motion to strike portions of the Complaint, Plaintiffs filed a First Amended Complaint on October 27, 2014 and a Second Amended Complaint ("SAC") on November 24, 2014. Plaintiffs' SAC added Lucia Saitta and Ann Mancuso as plaintiffs; alleged supplemental facts concerning the Stalling Defect; asserted additional claims for violation of New York Deceptive Practice Act (N.Y. Gen. Bus. L. § 349, *et seq.*), violation of the New York False Advertising Law (N.Y. Gen. Bus. L. § 350, *et seq.*), breach of implied warranty pursuant to New York Uniform Commercial Code (N.Y. U.C.C. § 2-314), and common law fraud; and alleged a New York Sub-Class.

WHEREAS on January 26, 2015 Defendants filed a motion to dismiss and a motion to strike portions of the SAC, which the Court granted in part (as to Defendants' motion to dismiss Plaintiffs' FAL claims, New York implied warranty claims and derivative Mag-Moss claims) and denied in part (as to the remaining claims and Defendants' motion to strike). Accordingly, on September 1, 2015 Plaintiffs filed a Third Amended Complaint ("TAC") dropping the FAL claims and re-alleging the New York implied warranty claim and the derivative Mag-Moss claim.

WHEREAS, on September 15, 2015 Defendants filed answers to the TAC in which they expressly denied any and all wrongdoing alleged in the action, and neither admitted nor conceded any actual or potential fault, wrongdoing or liability in connection with any facts or claims that have been or could have been alleged against them in the Action.

WHEREAS, the Parties have entered into a Class Action Settlement Agreement and Release ("Agreement"), the fairness, reasonableness, and adequateness of which is the subject of this Order, in which the Parties have agreed to settle the Action pursuant to the terms and conditions of the Agreement, and which will result in dismissal of the Action with prejudice;

WHEREAS on August 3, 2016 Plaintiffs filed a Fourth Amended Complaint to align the allegations and class definition therein with the class as defined in the Agreement;

WHEREAS, Class Counsel have conducted a thorough examination, investigation, and evaluation of the relevant law, facts, and allegations to assess the merits of the claims and potential claims to determine the strength of both defenses and liability sought in the Action, including pretrial discovery, defeating in part a motion to dismiss and a motion to strike, the evaluation of documents and information provided by Defendants, independent investigation into the underlying facts, legal research as to the sufficiency of the claims and appropriateness

of class certification, and an evaluation of the risks associated with continued litigation, trial, and/or appeal; and

WHEREAS, the Parties reached the Settlement as a result of extensive arms'-length negotiations that occurred over the course of an full-day mediation before retired federal Magistrate Judge Edward Infante followed by three months of continued negotiations with the assistance of Judge Infante, and counsel for the Parties are highly experienced in this type of litigation, with full knowledge of the risks inherent in the Action;

WHEREAS, the Court has carefully reviewed the Agreement, including the exhibits attached thereto and all files, records and prior proceedings to date in this matter, and good cause appearing based on the record,

IT IS hereby **ORDERED, ADJUDGED, AND DECREED** as follows:

1. <u>Defined Terms.</u> For purposes of this Order, except as otherwise indicated herein, the Court adopts and incorporates the definitions contained in the Agreement.

2. <u>Stay of the Action.</u> All proceedings in the Action, other than proceedings necessary to carry out or enforce the terms and conditions of the Agreement and this Order, are hereby stayed.

3. <u>Preliminary Class Certification for Settlement Purposes Only.</u> The Action is preliminarily certified as a class action, for settlement purposes only, pursuant to Fed. R. Civ. P. 23(a) and (b)(3). The Court preliminarily finds for settlement purposes that: (a) the Class certified herein numbers at least in the tens of thousands of persons, and joinder of all such persons would be impracticable, (b) there are questions of law and fact that are common to the Class, and those questions of law and fact common to the Class predominate over any questions affecting any individual Class Member; (c) the claims of the Plaintiffs are typical of

the claims of the Class they seek to represent for purposes of settlement; (d) a class action on behalf of the Class is superior to other available means of adjudicating this dispute; and (e) as set forth below, Plaintiffs and Class Counsel are adequate representatives of the Class. Defendants retain all rights to assert that the Action may not be certified as a class action, other than for settlement purposes. The Court also concludes that, because the Action is being settled rather than litigated, the Court need not consider manageability issues that might be presented by the trial of a nationwide class action involving the issues in this case. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

4. <u>Class Definition.</u> The Class shall consist of all residents of the United States and the District of Columbia (excluding U.S. territories) who currently own or lease, or previously owned or leased, a Class Vehicle that was originally purchased or leased in the United States. The "Class Vehicles" are 2010 through 2012 model year Hyundai Santa Fe vehicles with 3.5L engines. Specifically excluded from the Class are: (1) Hyundai Motor America, its subsidiaries and affiliates, officers, directors and employees; (2) Insurers of the Class Vehicles; (3) All persons or entities claiming to be subrogated to the rights of Class Members; (4) Issuers or providers of extended vehicle warranties or providers of extended service contracts; (5) Individuals and/or entities who validly and timely opt-out of the Settlement; (6) Consumers or businesses that have purchased Class Vehicles deemed a total loss (i.e. salvage) (subject to verification through Carfax or other means); (7) Current and former owners of a Class Vehicle that previously have released their claims against Hyundai Motor America with respect to the issues raised in the Litigation; (8) Individuals or entities that have purchased and/or leased Class Vehicles as "fleet" vehicles (i.e. rentals or company

vehicles); (9) Any judge to whom this matter is or may be assigned, and his or her immediate family (spouse, domestic partner, or children).

5. <u>Class Representatives and Class Counsel.</u> Plaintiffs Julia Reniger, Greg Battaglia, Lucia Saitta and Ann Mancuso are designated as representatives of the conditionally certified Class. The Court preliminarily finds that they are similarly situated to absent Class Members and therefore typical of the Class, and that they will be adequate class representatives.  Glancy Prongay & Murray LLP, who the Court finds is experienced and adequate counsel for purposes of these Settlement approval proceedings, is hereby designated as Class Counsel.

6. <u>Preliminary Settlement Approval.</u> Upon preliminary review, the Court finds that the Agreement and the Settlement it incorporates, appears fair, reasonable and adequate. *See generally* Fed. R. Civ. P. 23; *Manual for Complex Litigation* (Fourth) § 21.632 (2004). Accordingly, the Agreement is preliminarily approved and is sufficient to warrant sending notice to the Class.

7. <u>Jurisdiction.</u> The Court has subject-matter jurisdiction over the Action pursuant to 28 U.S.C. §§ 1331, 1332 and 1367, and personal jurisdiction over the Parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391.

8. <u>Fairness Hearing.</u> A Fairness Hearing shall be held before this Court on February 28, 2017 at 2:30 P.M. at the United States District Court for the Northern District of California, 1301 Clay Street, Oakland, CA 94612, Courtroom 2 – 4th Floor, to determine, among other things (a) whether the Action should be finally certified as a class action for settlement purposes pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3); (b) whether the settlement of the Action pursuant to the terms and conditions of the Agreement should be

approved as fair, reasonable and adequate, and finally approved pursuant to Fed. R. Civ. P. 23(e); (c) whether the Action should be dismissed with prejudice pursuant to the terms of the Agreement; (d) whether Class Members who do not timely request exclusion should be bound by the Release set forth in the Agreement; (e) whether Class Members and related persons should be subject to a permanent injunction; and (f) whether to grant Class Counsel's application for an award of Attorneys' Fees and Expenses and Service Awards for Plaintiffs (the "Fee Application"). Papers in support of final approval of the Agreement and the Fee Application shall be filed with the Court according to the schedule set forth in Paragraph 15 below. Objections to the Agreement or the Fee Application shall be filed with the Court on or before the Objection Deadline set forth in Paragraph 15 below, and papers in response to such objections must be filed on or before the objection response deadline set forth in Paragraph 15 below.  The Fairness Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Class. After the Fairness Hearing, the Court may enter a Final Order and Final Judgment in accordance with the Agreement that will fully and finally adjudicate the rights of the Class Members with respect to the proposed Released Claims.

9. <u>Administration.</u> In consultation with and with the approval of Defendants, Class Counsel is hereby authorized to establish the means necessary to administer the proposed Settlement and implement the claim process, in accordance with the terms of the Agreement.

10. <u>Class Notice.</u> The form and content of the proposed Class Notice, attached as Exhibit B to the Agreement, and the notice methodology described Section IV of the Agreement, are hereby approved.  Pursuant to the Agreement, the Court appoints Defendant

Hyundai Motor America as the Settlement Administrator to help implement the terms of the Agreement, with vendor assistance as appropriate.

(a)     Notice Date. No later than November 30, 2016, the Settlement Administrator shall provide notice to the Class pursuant to the terms of the Agreement and the deadlines set forth in Paragraph 15 below, in accordance with the notice program set forth in Section IV of the Agreement. The Parties shall coordinate to provide notice to the Class pursuant to terms therein.

(b)     R.L. Polk / State Agency Class Information:   R. L. Polk & Co. is authorized to obtain vehicle registration information concerning owners or lessees of class vehicles from the appropriate state agencies for the sole purpose of mailing the notice, and the relevant state agencies shall make the appropriate vehicle registrations available to R. L. Polk & Co. for this purpose only.

(c)     Findings Concerning Notice. The Court finds that the Settlement is fair and reasonable such that the Class Notice should be provided pursuant to the Agreement and this Order.

(d)     The Court finds that the form, content and method of disseminating notice to the Class as described in Paragraphs 10 and 15 of this Order: (i) complies with Rule 23(c)(2) of the Federal Rules of Civil Procedure as it is the best practicable notice under the circumstances, and is reasonably calculated, under all the circumstances, to apprise the members of the Class of the pendency of the Action, the terms of the Settlement, and their right to object to the Settlement or exclude themselves from the Settlement Class; (ii) complies with Rule 23(e) as it is reasonably calculated, under the circumstances, to apprise the Class Members of the pendency of the Action, the terms of the proposed Settlement, and

their rights under the proposed settlement, including, but not limited to, their right to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (iii) constitute due, adequate, and sufficient notice to all Class Members and other persons entitled to receive notice; and (iv) meets all applicable requirements of law, including, but not limited to, 28 U.S.C. § 1715, Fed. R. Civ. P. 23(c) and (e), and the Due Process Clause(s) of the United States Constitution. The Court further finds that the Class Notice is written in simple terminology, is readily understandable by Class Members, and complies with the Federal Judicial Center's illustrative class action notices.

11. <u>Exclusion from Class.</u> Any Class Member who wishes to be excluded from the Class must send to the Settlement Administrator by U.S. Mail a personally signed letter including their (a) full name, (b) current address, (c) the model year and VIN of his or her class vehicle and the approximate date of purchase or lease, (d) a clear statement communicating that they elect to be excluded from the Class, do not wish to be a Class Member, and elect to be excluded from any judgment entered pursuant to the Settlement, (e) their signature, and (f) the case name and case number of the Action. A Class Member can exclude only himself or herself from the Class, and shall not be allowed to request that another individual or a group be excluded. "Mass" or "class" opt-outs are not permitted. Any such Request for Exclusion must be postmarked and set to the Settlement Administrator no later than January 29, 2017 (the "Opt-Out Date"). The Settlement Administrator shall forward copies of any written requests for exclusion to Class Counsel. The Settlement Administrator shall file a list reflecting all timely requests for exclusion with the Court no later than seven (7) days before the Fairness Hearing.

If the proposed Settlement is finally approved, any potential Class Member who has not submitted a timely written Request for Exclusion on or before the Opt Out Date shall be bound by all terms of the Agreement and the Final Order and Final Judgment, regardless of whether they have requested exclusion from the Settlement, even if the potential Class Member previously initiated or subsequently initiates any litigation against any or all of the Released Parties relating to Released Claims. All persons or entities who properly exclude themselves from the Class shall not be Class Members and shall relinquish their rights or benefits under the Agreement, should it be approved, and may not file an objection to the Settlement or be entitled to any settlement benefits.

12     Objections and Appearances. Any Class Member who intends to object to the fairness, reasonableness, and/or adequacy of the Settlement must file a written objection with the Court through the Court's CM/ECF system (or any other method in which the Court will accept filings, if any) no later than the Objection Date. Class Members who object must set forth: (a) their full name; (b) current address, and current telephone number; (c) documentation sufficient to establish membership in the Class; (d) a statement of the position(s) the objector wishes to assert, including the factual and legal grounds for the position(s); (e) provide copies of any other documents that the objector wishes to submit in support of his or her position; (f) a statement of whether they intend to appear at the Fairness Hearing (with or without counsel); (g) their signature; and (h) the case name and case number of the Action.

Class Members or their attorneys who intend to make an appearance at the Fairness Hearing must file a notice of intention to appear with the Court through the Court's CM/ECF system (or any other method in which the Court will accept filings, if any), no later the date

scheduled in paragraph 15 below, or as the Court may otherwise direct. The notice of intention to appear must include copies of any papers, exhibits, or other evidence that the objecting Class Member (or his or her counsel) will present in connection with the Final Approval Hearing. Objections that are served on the Parties but not filed with the Court, shall not be received or considered by the Court at the Fairness Hearing. And any Class Member who fails to comply with the provisions in this Paragraph shall waive and forfeit any and all rights he or she may have to appear separately and/or to object, and shall be bound by all the terms of the Agreement, this Order, and by all proceedings, orders, and judgments, including, but not limited to, the release in the Agreement. The Settlement Administrator, Defense Counsel, and Class Counsel shall promptly furnish each other copies of any and all objections that might come into their possession.

14. <u>Preliminary Injunction.</u> All Class Members and/or their representatives, who do not timely and properly exclude themselves from the Class are barred and enjoined from directly, indirectly, derivatively, in a representative capacity, or in any other capacity, filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting, or continuing any action in any forum (state or federal) as individual actions, class members, putative class members, or otherwise against the Released Parties (as that term is defined in the Agreement) in any court or tribunal asserting any of the Released Claims (as that term is defined in the Agreement), and/or from receiving any benefits from any lawsuit, administrative or regulatory proceeding, or order in any jurisdiction, based on or relating to the Released Claims. In addition, all such persons are hereby barred and enjoined from filing, commencing, or prosecuting a lawsuit against Defendants (or against any of its related parties, parents, subsidiaries, or affiliates) as a class action, a separate class, or group for purposes of

pursuing a putative class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of Class Members who do not timely exclude themselves from the Class, arising out of, based on or relating to the Released Claims. Pursuant to 28 U.S.C. §§ 1651(a) and 2283, the Court finds that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over the Action.

15. <u>Summary of Deadlines.</u> In summary, the deadlines set by this Order are as follows. If any deadline set forth in this Order falls on a Saturday, Sunday, or federal holiday, then such deadline shall extend to next Court day. These deadlines may be extended by order of the Court, for good cause shown, without further notice to the Class. Class Members must check the Settlement Website regularly for updates and further details regarding this settlement:

(a) The Class Notice shall be mailed by November 30, 2016 (the "Notice Date");

(b) The Settlement Website and Toll-Free Telephone Number shall be established and become operational no later than the date on which the Class Notice is mailed.

(c) Plaintiffs' motion in support of final approval of the Settlement and Class Counsel's Fee Application shall be filed no later than January 9, 2017 and posted to the Settlement Website as soon as practicable thereafter, and may be supplemented no later than seven (7) days prior to the Fairness Hearing

(f) All written objections to the Agreement and written notices of an objector's intention to appear at the Fairness Hearing shall be filed with the Court no later than January 29, 2017 ("the Objection Deadline").

(g) All Requests for Exclusion shall be postmarked and sent to the Settlement Administrator no later than January 29, 2017 ("the Opt Out Date").

(g) All replies in support of Plaintiffs' motion for final approval of the Settlement and Class Counsel's Fee Application, and all responses to any written objections to the Agreement, shall be filed no later than February 7, 2017 and posted to the Settlement Website as soon as practicable thereafter.

(i) Not later than seven (7) calendar days before the date of the Fairness Hearing, the Settlement Administrator shall file with the Court: (a) a list of those persons who have opted out or excluded themselves from the Settlement; and (b) the details regarding the number of valid Claim Forms received and processed by the Settlement Administrator.

(h) A Fairness Hearing shall be scheduled for February 28, 2017 at 2:30 P.M.

(e) All completed Claim Forms must be postmarked and mailed to the Settlement Administrator or uploaded to the Settlement Website no later than March 29, 2017 ("the Claim Deadline").

16. <u>Termination of Settlement.</u> In the event the Court does not grant final approval to the Settlement, or for any reason the parties fail to obtain a Final Order and Final Judgment as contemplated in the Agreement, or the Agreement is terminated pursuant to its terms for any reason or the Effective Date does not occur for any reason, then the following shall apply:

(a) All orders and findings entered in connection with the Agreement shall become null and void and have no force and effect whatsoever, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in this or any other proceeding;

(b) The conditional certification of the Class pursuant to this Order shall be vacated automatically, and the Action shall proceed as though the Class had never been certified pursuant to this Agreement and such findings had never been made;

(c) Nothing contained in this Order is, or may be construed as, a presumption, concession or admission by or against Defendants or Plaintiffs of any default, liability or wrongdoing as to any facts or claims alleged or asserted in the Action, or in any actions or proceedings, whether civil, criminal or administrative, including, but not limited to, factual or legal matters relating to any effort to certify the Action as a class action;

(d) Nothing in this Order or pertaining to the Agreement, including any of the documents or statements generated or received pursuant to the claims administration process, shall be used as evidence in any further proceeding in this case, including, but not limited to, motions or proceedings seeking treatment of the Action as a class action;

(e) Nothing is this Order or pertaining to the Agreement is, or may be construed as, a presumption, concession or admission by or against Defendants that the Action meets the requisites for certification as a class action under federal or California law; and

(f) All of the Court's prior Orders having nothing whatsoever to do with the Settlement shall, subject to this Order, remain in force and effect.

17. <u>Use of Order.</u> This Order shall be of no force or effect if the Settlement does not become final and shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability, or that any of the claims asserted in the Action meet the requisites for certification as a class action under federal or California law. Nor shall this Order be construed or used as an admission, concession, or declaration by or against Plaintiffs or the other Class Members that their claims

lack merit or that the relief requested is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims he, she, or it may have in the Action or in any other lawsuit.

18. <u>Alteration of Exhibits.</u> Class Counsel and Defense Counsel are hereby authorized to use all reasonable procedures to further the administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making, without further approval of the Court, minor changes to the form or content of the Class Notice, and other exhibits that they jointly agree are reasonable or necessary.

19. <u>Retaining Jurisdiction.</u> This Court shall maintain continuing jurisdiction over these settlement proceedings to assure the effectuation thereof for the benefit of the Class, and for any other necessary purpose.

20. <u>Extension of Deadlines.</u> Upon application of the Parties and good cause shown, the deadlines set forth in this Order may be extended by order of the Court, without further notice to the Class. Class Members must check the Settlement website regularly for updates and further details regarding settlement deadlines.

21. <u>Response to Fourth Amended Complaint:</u> Defendants need not file a responsive pleading to the Fourth Amended Complaint at this time since it is filed for purposes of conforming the claims and class definitions to the parties' Settlement. Should the Settlement not receive the final approval of this Court, the Court will set a deadline for Defendants' response to the Fourth Amended Complaint. Defendants will retain all rights during this process and do not waive any rights by not responding to the Fourth Amended Complaint at this time.

| | |
|---|---|
| 1 | Dated: \_\_August 8\_\_\_\_, 2016 _____ |
| 2 | THE HONORABLE CLAUDIA ANN WILKEN |
|   | UNITED STATES DISTRICT JUDGE |

IT IS SO ORDERED

Judge Claudia Wilken