GLANCY PRONGAY & MURRAY LLP
Lionel Z. Glancy (#134180)
Mark S. Greenstone (#199606)
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile:  (310) 201-9160
E-mail: info@glancylaw.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA RENIGER, GREG BATTAGLIA, OREN JAFFE, LUCIA SAITTA and ANN MANCUSO, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>HYUNDAI MOTOR AMERICA, a California corporation, and HYUNDAI MOTOR COMPANY, a foreign corporation,<br><br>Defendants. | Case No.  4:14-cv-03612-CW<br><br>Hon. Claudia Wilken<br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

The Court has considered the Class Action Settlement Agreement filed with this Court on June 21, 2016 ("Settlement Agreement") [ECF #72], the Parties' Motion for Final Approval of Class Action Settlement and all supporting declarations, the record in this Action, the arguments and recommendations made by counsel, and the requirements of the law. The Court finds and orders as follows:

## I.   FINAL APPROVAL OF THE SETTLEMENT AGREEMENT

1. The Settlement Agreement is approved under Rule 23 of the Federal Rules of Civil Procedure. The Court finds that the Settlement Agreement and the Settlement it incorporates appear fair, reasonable, and adequate, and its terms are within the range of reasonableness. The Settlement Agreement was entered into at arm's-length by experienced counsel after extensive negotiations spanning months, including with the assistance of a third-party mediator, the Hon. Edward Infante (Ret.). The Court finds that the Settlement Agreement is not the result of collusion.

## II.   DEFINED TERMS

2. For purposes of this Final Judgment and Order ("Order"), the Court adopts all defined terms as set forth in the Settlement Agreement.

## III.   NO ADMISSIONS

3. Neither this Order nor the Settlement Agreement constitutes or shall be used as an admission of wrongdoing by any of the Released Persons or to establish a violation of any law or duty.

## IV. JURISDICTION

4. For purposes of the Settlement of the Action, the Court finds it has subject matter and personal jurisdiction over the Parties, including all Settlement Class Members, and venue is proper.

## V. CLASS CERTIFICATION OF RULE 23(B)(3) CLASS FOR SETTLEMENT PURPOSES ONLY

5. The Court finds and concludes that, for the purposes of approving this Settlement only, the proposed Rule 23(b)(3) Settlement Class meets the requirements for certification under Rule 23 of the Federal Rules of Civil Procedure: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) the claims or defenses of Plaintiffs are typical of the claims or defenses of the Settlement Class; (d) Plaintiffs and Class Counsel will fairly and adequately protect the interests of the Settlement Class because Plaintiffs have no interests antagonistic to the Settlement Class, and has retained counsel who are experienced and competent to prosecute this matter on behalf of the Settlement Class; and (e) questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

6. The Settlement Agreement was reached after extensive investigation and motion practice in the Action, and was the result of negotiations conducted by the Parties, with the assistance of a mediator, the Hon. Edward A. Infante (Ret.). Plaintiffs and Class Counsel maintain the Action and the claims asserted therein are meritorious and that Plaintiffs and the Class would have prevailed at trial. Defendants deny the material factual allegations and legal claims asserted by Plaintiffs in this Action, maintain that a class would not be

certifiable under any Rule, and that Plaintiffs would not prevail at trial.  Notwithstanding the foregoing, the Parties have agreed to settle the Action pursuant to the provisions of the Settlement Agreement, after considering, among other things:  (a) the substantial benefits to Plaintiffs and the Settlement Class under the terms of the Settlement Agreement; (b) the inherent uncertainty of being able to prevail at trial; (c) the uncertainty relating to Defendants' defenses and the expense of additional motion practice in connection therewith; (d) the issues relating to proving damages on an individual Class Member basis; (e) the attendant risks of litigation, especially in complex actions such as this, as well as the difficulties and delays inherent in such litigation; and (f) the desirability of consummating the Settlement promptly to provide effective relief to Plaintiffs and the Settlement Class.

7. The Court accordingly certifies, for settlement purposes only, a Class under Rule 23(b)(3), consisting of all residents of the United States and the District of Columbia (excluding U.S. territories) who currently own or lease, or previously owned or leased, a Class Vehicle that was originally purchased or leased in the United States.  The "Class Vehicles" are 2010 through 2012 model year Hyundai Santa Fe vehicles with 3.5L engines. Specifically excluded from the Class are: (1) Hyundai Motor America, its subsidiaries and affiliates, officers, directors and employees; (2) Insurers of the Class Vehicles; (3) All persons or entities claiming to be subrogated to the rights of Class Members; (4) Issuers or providers of extended vehicle warranties or providers of extended service contracts; (5) Individuals and/or entities who validly and timely opt-out of the Settlement; (6) Consumers or businesses that have purchased Class Vehicles deemed a total loss (i.e. salvage) (subject to verification through Carfax or other means); (7) Current and former owners of a Class Vehicle that previously have released their claims against Hyundai Motor America with respect to the

issues raised in the Litigation; (8) Individuals or entities that have purchased and/or leased Class Vehicles as "fleet" vehicles (i.e. rentals or company vehicles); (9) Any judge to whom this matter is or may be assigned, and his or her immediate family (spouse, domestic partner, or children).

## VI.   NOTICE

8.   The Class Notice is in accordance with the terms of the Settlement Agreement and this Court's Preliminary Approval Order; constitutes the best practicable notice to Class Members under the circumstances of the Action; constitutes notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the pendency of this class action; (ii) the terms of the proposed Settlement; (iii) their rights under the proposed Settlement; (iv) their right to exclude themselves from the Class and the proposed Settlement; (v) their right to object to any aspect of the proposed Settlement (including, but not limited to, final certification of the Class, the fairness, reasonableness or adequacy of the proposed Settlement, the adequacy of the Class's representation by Plaintiff or Class Counsel and/or the award of attorneys' fees and expenses and representative awards); (vi) their right to appear at the Fairness Hearing—either on their own or through counsel hired at their own expense—if they did not exclude themselves from the Class; and (vii) the binding effect of the Orders and Final Judgment in this Action, whether favorable or unfavorable, on all persons who did not request exclusion from the Class; constitutes notice that was reasonable, due, adequate, and sufficient notice to all persons and entities entitled to be provided with notice; and constitutes notice that fully satisfied all applicable requirements of the Federal Rules of Civil Procedure, including Rule 23(c)(2) and (e) of the Federal Rules of Civil Procedure, the United States

Constitution (including Due Process Clause), the Rules of this Court, and any other applicable law, as well as complied with the Federal Judicial Center's illustrative class action notices.

9. Defendants provided notice of the proposed Settlement to the appropriate state and federal government officials pursuant to 28 U.S.C. § 1715. Furthermore, the Court has given the appropriate state and federal government officials the requisite ninety (90) day time period (pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715(d)) to comment or object to the proposed settlement before entering its Orders and Final Judgment and no such objections or comments were received.

**VII. CLAIMS COVERED AND RELEASES**

10. This Order constitutes a full, final and binding resolution between Plaintiffs on behalf of themselves and the Settlement Class Members and Defendants, and its parents, subsidiaries, affiliates, joint venturers, directors, officers, employees, and attorneys and each entity to whom they directly or indirectly distribute or sell the Class Vehicles, including but not limited to distributors, wholesalers, customers, retailers, franchisees, cooperative members, licensors, and licensees (together, "Released Persons") of the Released Claims. This Release shall be applied to the maximum extent permitted by law.

11. Upon the Effective Date and by operation of this Order, Plaintiffs will fully, finally, and forever release any and all Released Claims, known and unknown, as well as provide a waiver under California Civil Code Section 1542. Plaintiffs are forever enjoined from taking any action seeking relief against Defendants based on the Released Claims. Settlement Class Members do not release claims for personal injury, property damage, or claims for subrogation, but are hereby deemed to have fully, finally, and forever released the

Released Claims and are forever enjoined from taking any action seeking relief against Defendants based on the Released Claims.

12. This Order does not bind or otherwise apply to the Class Members identified in Exhibit A hereto, who timely requested to be excluded from the Settlement Class. The Class Members identified in Exhibit A do not release any claims by way of the Settlement Agreement and this Order and are not Settlement Class Members who may submit any Claim.

## VIII. SETTLEMENT CONSIDERATION

13. Defendants will reimburse, on a claims-made basis, reasonable and documented Out-of-Pocket Costs, subject to, where applicable, the Maximum Reimbursement Amount, incurred by the Class. Class Members eligible to make a Claim are those who experienced a stall associated with the "929A Condition" up to mailing date of the Class Notice.

14. Defendants agree that the Campaign 929A Software Update (or its functional equivalent) will remain available free-of-charge for 10 years after the date the Class Vehicles were first put into circulation as "new" vehicles.

15. In addition to the substantial relief described in paragraphs 15 and 16 herein, Defendants will provide a special cash incentive, on a claims-made basis, to Class Members who wish to replace their Class Vehicles. The New Vehicle Purchase/Lease Incentive Program provides Class Members who have experienced one documented 929A Condition stall a rebate of $250 to $1,000 on the purchase or lease of a new Hyundai vehicle, depending upon the specific new vehicle purchased or leased. The Enhanced Rebate Program doubles this incentive, providing a rebate of $500 to $2,000 (again, depending upon the new Hyundai vehicle purchased or leased) for those who have experienced at least two 929A Condition

stalls, with at least one occurring after the implementation of Campaign 929A. Hyundai has the right to contest the Class Member's claim for an Enhanced Rebate Certificate if there is evidence in the submitted documentation, Hyundai's records, or through third party records to suggest that the claimed 929A Condition stall that post-dates the installation of the Campaign 929A Software Update on the Class Vehicle was the result of the improper or incomplete installation of the Campaign 929A Software Update.    18.    Rebate Certificates and Enhanced Rebate Certificates can be redeemed by sending proof of a new Hyundai vehicle purchase or lease within one year of the Rebate Certificate's issuance. Because the Certificates are paid by Hyundai, and because any particular Class Member's possession of a Certificate will be unknown to the dealer, there is no danger of the Certificate's value being factored into the deal (i.e., of the dealer offsetting the value of the certificate during price negotiations). Moreover, any dealer or customer incentives that otherwise would be available to the Class Member at the time of the new vehicle purchase or lease will remain available notwithstanding availability of the Rebate Certificate or Enhanced Rebate Certificate. The Court finds that the Settlement is not subject to the requirements of 28 U.S.C. §1712 as a result of these cash rebates, which are made available to Class Members in addition to other substantial relief.

### IX.    OBJECTION(S) TO SETTLEMENT

16.    The Court has received, reviewed, and fully-considered the objections of _____ to the Settlement Agreement. The Court finds that these objections do not provide sufficient justification to withhold the grant of final approval to the proposed Settlement and as such, overrules the objections of _____.

## X. ATTORNEYS' FEES AND EXPENSES

17. The Court's decision regarding the payment of attorneys' fees and expenses to Class Counsel is addressed in a separate order.

## XI. AUTHORIZATION TO PARTIES TO IMPLEMENT AGREEMENT AND MODIFICATIONS OF AGREEMENT

18. By this Order, the Parties are hereby authorized to implement the terms of the Settlement Agreement. After the date of entry of this Order, the Parties may by written agreement effect such amendments, modifications, or expansions of the Settlement Agreement and its implementing documents (including all exhibits thereto) without further notice to the Settlement Class or approval by the Court if such changes are consistent with terms of this Order and do not materially alter, reduce, or limit the rights of Settlement Class Members under the Settlement Agreement.

## XII. RETENTION OF JURISDICTION

19. The Court shall retain jurisdiction over any claim relating to the Settlement Agreement (including all claims for enforcement of the Settlement Agreement and/or all claims arising out of a breach of the Settlement Agreement) as well as any future claims by any Settlement Class Member relating in any way to the Released Claims.

## XIII. FINAL JUDGMENT AND DISMISSAL WITH PREJUDICE

20. By operation of this Order, this Action is hereby dismissed with prejudice. A separate judgment shall be entered pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated: _____, 2017

_____
THE HONORABLE CLAUDIA ANN WILKEN
UNITED STATES DISTRICT JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Exhibit A** – List of Persons Who Requested Exclusion